586 A.2d 879

James HACKENBERG, Appellee,

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION
AUTHORITY, Appellee,

and

Pennsylvania Financial Responsibility Assigned Claims Plan,

and

Travelers Insurance Company, Appellants.

Louise Ann DYLL and Robert A. Dyll, her
husband, Appellants,

v.

The BELL TELEPHONE COMPANY OF PENNSYLVANIA,

and

Nationwide Insurance Company, Appellees.

Supreme Court of Pennsylvania.

Resubmitted Jan. 10, 1991.

Decided Feb. 1, 1991.

A. Richard Feldman, Irving M. Portnoy, Mark S. Gervelis, Pittsburgh, for appellants.

Bruce G. Cassidy, Philadelphia, for Hackenberg.

Joan A. Zubras, Delores R. Lanier, Thomas A. Leonard, John N. Ellison, Paul S. Diamond, Thomas J. Foley, III, Philadelphia, for SEPTA.

Alan C. Ostrow, Philadelphia, for amicus—City of Philadelphia.

Richard B. Tucker, III, Pittsburgh, for amicus—Bell of Pa.

Gabriel L.I. Bevilacqua, Leslie P. Hitchings, Philadelphia, for amicus—Pa. Turnpike Com'n.

James C. Haggerty, Cynthia E. Covie, Philadelphia, for amicus—P.D.I.

Richard B. Tucker, III, Matthew J. Carl, Pittsburgh, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

These consolidated appeals present the question of whether the Motor Vehicle Financial Responsibility Law (hereinafter, MVFRL), 75 Pa.C.S. § 1701 et seq.,[1] or the Workmen's Compensation Act, 77 Pa.C.S. § 481(a), prevails where an employee is injured in a work-related automobile accident and seeks to recover both workers' compensation benefits and uninsured motorist benefits from his employer. In general, the Workmen's Compensation Act provides that recovery of workers' compensation benefits is the sole and exclusive remedy which an employee has against his em-

1. Act of Feb. 12, 1984, P.L. 26, No. 11, § 3 et seq.

ployer for an injury received on the job.[2]   The MVFRL, on
the other hand, provides that motor vehicle liability insur-
ance policies written in Pennsylvania must contain unin-
sured motorist and underinsured motorist coverages, 75
Pa.C.S. § 1731, and that "[t]he coverages required by this
subchapter shall not be made subject to an exclusion or
reduction in amount because of any workers' compensation
benefits payable as a result of the same injury," 75 Pa.C.S.
§ 1735.

   Absent section 1735, a dispute as to whether an employee
injured in a work-related auto accident could recover from
his employer anything beyond workers' compensation bene-
fits would be unlikely to arise, for our decisions have
uniformly held and the Workmen's Compensation Act itself
provides that workers' compensation benefits received by
the employee are the sole and exclusive avenue of recovery
against the employer for work-related injuries.   These con-
solidated cases, however, raise the claim that the exclusivity
of the Workmen's Compensation Act has been supplanted
by section 1735 of the MVFRL, requiring that "coverages
shall not be made subject to ... reduction ... because of
... workers' compensation benefits." [3]

**2.**  Section 303(a) of the Workmen's Compensation Act, 77 Pa.C.S.
   § 481(a), provides:
   The liability of an employer under this act shall be exclusive and in
   place of any and all other liability to such employes, his legal
   representative, husband or wife, parents, dependents, next of kin or
   anyone otherwise entitled to damages in any action at law or
   otherwise on account of any injury or death as defined [in the act].
   As amended by the Act of Dec. 5, 1974, P.L. 782, No. 263, § 6.

**3.**  There is now another section of the MVFRL, enacted since the
   events of this case and therefore not applicable, which might also give
   rise to a dispute as to the applicability of the exclusive recovery
   provisions of section 303(a) of the Workmens' Compensation Act.
   New section 1737 of the MVFRL concerns an employee's right to
   recover both workers' compensation benefits and uninsured or under-
   insured motorist benefits from an employer who is covered by a
   motor vehicle insurance policy:
   Notwithstanding anything contained in the act of June 2, 1915 (P.L.
   736, No. 338), known as The Pennsylvania Workmen's Compensa-
   tion Act, no employee who is otherwise eligible shall be precluded
   from recovery of uninsured or underinsured motorist benefits from
   an employer's motor vehicle policy under this chapter or the act of

## I.

## HACKENBERG v. SEPTA and TRAVELERS INSURANCE CO.

On January 13, 1986 James Hackenberg was injured when the bus he was driving for his employer, Southeastern Pennsylvania Transportation Authority (SEPTA), was struck by an automobile operated by an uninsured motorist. At the time of the accident, SEPTA was self-insured.

Hackenberg sued SEPTA and, alternatively, Pennsylvania Financial Responsibility Assigned Claims Plan and the plan's assigned carrier, Travelers Insurance Company, for uninsured motorist benefits. Travelers filed a motion for summary judgment, asserting that SEPTA was solely liable to plaintiff, and SEPTA moved for summary judgment in its favor on the grounds that section 303(a) of the Workmen's Compensation Act, 77 Pa.C.S. 481(a), (providing that an employer's exclusive liability to an employee injured on the job is workers' compensation benefits), see footnote 2 supra, insulates SEPTA from liability to Hackenberg other than for workers' compensation benefits.

The trial court granted SEPTA's motion for summary judgment, dismissing all claims against SEPTA. Hackenberg and Travelers appealed. Superior Court affirmed, holding that section 1735 of the MVFRL, prohibiting a reduction of coverages of underinsured and uninsured motorist benefits because the plaintiff was also receiving workers' compensation benefits, applies only to the content of insurance policies, not to benefits which may be payable by self-insurers, and that this court's decision in *Lewis v. School District of Philadelphia*, 517 Pa. 461, 538 A.2d 862 (1988), requires that workers' compensation benefits remain

August 14, 1963 (P.L. 909, No. 433), entitled "An act requiring, with limitations, that insurance policies insuring against loss, occurring in connection with motor vehicles provide protection against certain uninsured motorists [the Uninsured Motorist Act].

Act of February 7, 1990 (P.L. 11, No. 6), § 12. 75 Pa.C.S. § 1737.

the sole source of recovery which an injured employee has against his employer for work related injuries.[4]

## LOUISE ANN and ROBERT A. DYLL v. BELL TELEPHONE COMPANY OF PENNSYLVANIA and NATIONWIDE INSURANCE COMPANY

On April 9, 1985 Louise Ann Dyll was struck by a motorist while she was engaged in her work for Bell Telephone Company. The motorist whose car struck Dyll carried $100,000 liability coverage, but the Dylls contend that this coverage was inadequate to pay losses and damages which Dyll suffered and that the motorist was, therefore, operating an "underinsured motor vehicle" as that term is defined in the MVFRL.[5] In addition to sums received from the motorist's insurance carrier, Dyll received $50,000 from her own carrier for underinsured motorist coverage, and she then sought to recover additional benefits from Bell, which is self-insured.

The Dylls brought a declaratory judgment action against Bell to compel it to provide underinsurance benefits pursuant to the MVFRL. The Court of Common Pleas of Allegheny County held that section 1735 of the MVFRL does not authorize the additional recovery which the Dylls seek. The court reasoned that section 1735 concerns only whether benefits otherwise provided for by the MVFRL are to be reduced by workers' compensation benefits, not whether benefits are in fact available under the MVFRL. Secondly,

4. *Lewis* held that an employee injured in a work-related auto accident was not entitled to receive uninsured motorist coverage from his self-insured employer in addition to workers' compensation benefits *under the Uninsured Motorist Act,* the Act of August 14, 1963, P.L. 909, as amended, 40 Pa.C.S. § 2000. Recovery of uninsured motorist benefits, according to *Lewis,* is barred by section 303(a) of the Workmen's Compensation Act, which limits an employee's recovery from his employer to workers' compensation benefits for any work-related injury. Although the Uninsured Motorist Act (1963) has been supplanted in some respects by the MVFRL (1984), the Uninsured Motorist Act has not been repealed.

5. Section 1702 of the MVFRL defines an underinsured motor vehicle as follows:

A motor vehicle for which the limits of available liability insurance and self-insurance are insufficient to pay losses and damages.

the court held that section 303(a) of the Workmen's Compensation Act supersedes the more general provisions of the MVFRL, citing section 1933 of the Statutory Construction Act of 1976, 1 Pa.C.S. § 1933 (special provision in a statute governs conflicting general provision in another statute). Further, the court determined that our decision in *Lewis* was based on the same reasoning (special provisions of one statute control conflicting general provisions of another statute) and that *Lewis* bars recovery from the employer for underinsured motorist benefits. *See* footnote 4, *supra*. Superior Court affirmed, relying on one of its cases which cited our *Lewis* decision.

## II.

The general scheme of insurance contemplated by the MVFRL as it applies to this case is that each motor vehicle registrant is required to certify that the registrant is financially responsible,[6] 75 Pa.C.S. § 1786, and that such responsibility can be established either through the purchase of insurance coverage or by certification of self-insurance, 75 Pa.C.S. § 1782(a). If a registrant wishes to be self-insured, it must file with the Department of Transportation evidence of sufficient financial resources, arrangements, deposits or commitments, and it must satisfy the department that it will:

1. Provide the benefits required by section 1711 (relating to required benefits), subject to the provisions of Subchapter B (relating to motor vehicle liability insurance first party benefits), except the additional benefits and limits provided in sections 1712 (relating to availability of benefits) and 1715 (relating to availability of adequate limits).

**6.** Section 1702 of the MVFRL defines "financial responsibility" as follows:

The ability to respond in damages for liability on account of accidents arising out of the maintenance or use of a motor vehicle in the amount of $15,000 because of injury to one person in any one accident, in the amount of $30,000 because of injury to two or more persons in any one accident and in the amount of $5,000 because of damage to property of others in any one accident. The financial responsibility shall be in a form acceptable to the Department of Transportation.

2. Make payments sufficient to satisfy judgments as required by section 1774. . . .

3. Provide *uninsured* motorist coverage up to the limits set forth in section 1774.

75 Pa.C.S. § 1787(a) (emphasis added). Both employers in the present case have filed evidence of reliable financial arrangements and are "self-insurers" as defined by section 1787.

Section 1787 is the only section of the MVFRL which defines the benefits for which a self-insured entity is liable. In fact, the MVFRL defines the term "self-insurer" as "an entity providing benefits and qualified in the manner set forth in section 1787." It is to section 1787, then, that we must look to determine what benefits a self-insurer must pay under the MVFRL.

While section 1787 requires the provision of *uninsured* benefits, it makes no mention of *underinsured* benefits. The Dylls' claim for underinsured benefits, therefore, was properly denied, for Bell was not required to provide *underinsured* coverage. The order of Superior Court in *Dyll v. Bell Telephone Co.*, 10 W.D. Appeal Docket 1990, is affirmed.[7, 8]

---

7. Dyll's reliance on our opinion in *Modesta v. Southeastern Pennsylvania Transportation Auth.*, 503 Pa. 437, 469 A.2d 1019 (1983), to support its claim that Bell is liable for *underinsured* motorist coverage is misplaced. Dyll's theory is that because *Modesta* held that a self-insurer must provide *uninsured* motorist coverage pursuant to the Uninsured Motorist Act, Bell in the present case is required to provide *underinsured* motorist coverage.

*Modesta* interpreted the No Fault Act's requirement that self-insured entities provide "assurance *substantially equivalent* to that afforded by a contract of insurance . . ." 40 P.S. § 1009.104(b) (Emphasis added). Since the Uninsured Motorist Act required that insurance policies contain uninsured motorist coverage, *Modesta* held that self-insurers, in order to provide "substantially equivalent" assurance, were required to provide uninsured motorist benefits.

In the present case, governed by the MVFRL, the statute tells us directly what coverage self-insurers are required to provide. They are required to provide *uninsured* coverage. No mention is made of *underinsured* coverage and *Modesta*, which reconciled the requirements of two other statutes, is inapplicable.

8. Similarly, Dyll's reliance on *Selected Risks Insurance Co. v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1988), is misplaced. In *Selected*

As to Hackenberg, the problem is more complex. Section 1787, by its terms, requires that self-insured entities provide *uninsured* motorist coverage, and that is what Hackenberg is claiming. The issue with respect to Hackenberg, then, is whether another statute, caselaw, or some other provision of the MVFRL itself limits SEPTA's liability as to uninsured motorist benefits where the beneficiary is also entitled to receive workers' compensation benefits from SEPTA.

Hackenberg claims that he is entitled to uninsured and underinsured motorist benefits as well as workers' compensation benefits not only because section 1787 requires the self-insured employer to provide uninsured benefits, but also because section 1735 requires that these benefits not be diminished because the beneficiary is receiving workers' compensation. The initial inquiry, then, is whether this interpretation of section 1735 is correct. Section 1735 provides:

> The coverages required by this subchapter shall not be made subject to an exclusion or reduction in amount

*Risks* a volunteer fireman was injured by an uninsured motorist while responding to an alarm. Because volunteer firemen, for the purpose of workers' compensation benefits, are considered to be employees of the municipality which the fire company serves, the injured fireman received workers' compensation benefits. At issue in the case was whether he could receive uninsured motorist benefits as well, *under the volunteer fire company's motor vehicle policy,* in spite of language in the policy treating workers' compensation benefits as a set-off against benefits otherwise payable under the policy.

We held that the policy's provision concerning workers' compensation as a set-off was void as a matter of public policy. The MVFRL's section 1735 was not applicable to the case because it took effect after the events at issue, but we regarded section 1735, nonetheless, as indicative of the General Assembly's view of public policy in this area and as additional support for our view of the insurance contract provision at issue.

Dyll's reliance is misplaced because *Selected Risks* does not concern an *employer's* motor vehicle policy, but rather the association's, and because it illustrates that section 1735's purpose is to limit insurance companies when they write insurance policies with respect to using workers' compensation benefits as a set-off, not to determine whether an insured has any claim to both workers' compensation benefits and uninsured or underinsured motorist benefits.

because of any workers' compensation benefits payable as a result of the same injury.

The coverages required by this subchapter are exclusively those offered in insurance policies. What section 1735 says, then, is that when an insurance company writes a policy concerning underinsured and uninsured motorists, it may not write coverages which reduce the amount it will pay under such policies because the person to be paid is also receiving workers' compensation benefits for the same injury. In other words, section 1735 concerns limitations which are placed upon insurance companies in writing policies of insurance for underinsured and uninsured motorists.[9]

■ In the case at bar, SEPTA was self-insured. It was not covered by insurance policies. By its terms, then, section 1735 does not apply to SEPTA, for section 1735 concerns only those persons, employers and others, who have purchased policies of insurance, and what may be in those policies. It follows, therefore, that section 1735 does not require that a self-insured employer pay an employee uninsured motorist benefits in addition to workers' compensation benefits for any work-related injury.[10]

9. Our reading of the statute is supported by the consideration that if section 1735 means what Hackenberg asserts (that an employee injured in a work-related auto accident may recover both workers' compensation benefits and uninsured motorist benefits *from his employer*), there would have been no reason for the General Assembly to have enacted new section 1737, Act of February 7, 1990, P.L. 11, No. 6, § 12, permitting an employee who is otherwise eligible to recover uninsured or underinsured motorist benefits from his employer's motor vehicle policy, notwithstanding anything contained in the Workmen's Compensation Act. *See* footnote 3 for a text of new section 1737. In other words, if section 1735, which remains in effect unaltered, already allows an employee to recover both workers' compensation benefits and uninsured or underinsured motorist coverage from his employer, there would have been no reason to enact new section 1737.

10. To keep this in perspective, it is well to remember that nothing in the MVFRL prevents an employee injured in a work-related auto accident from making claims against the person—not his employer—who injured him and from making claims against his own insurance company for underinsured or uninsured motorist benefits.

If Hackenberg cannot rely on section 1735 to establish his claim, however, it remains to be seen whether section 1787 of the MVFRL, requiring that self-insurers "provide uninsured motorist coverage up to the limits set forth in section 1774" [11] means that self-insured employers are required to pay uninsured motorist benefits in addition to workers' compensation benefits, or whether the exclusive recovery provisions of the Workmen's Compensation Act prevent this.

In *Lewis v. School District of Philadelphia*, 517 Pa. 461, 538 A.2d 862 (1988), this court addressed the question of the interrelationship of the Workmen's Compensation Act and the Uninsured Motorist Act. We held that the section 303(a) of the Workmen's Compensation Act takes precedence over any right of recovery which an injured employee might have under the Uninsured Motorist Act so as to limit the injured employee's recovery from his self-insured employer to workers' compensation benefits.[12] Our rationale was (1) the entire workers' compensation scheme is based upon the compromise that the employer will always pay workers' compensation benefits for a work-related injury, even without a showing of its negligence, but that in return, the employee will be entitled solely and exclusively to such benefits, and (2) section 303(a) was enacted more recently than the conflicting terms of the Uninsured Motorist Act.

Hackenberg claims that *Lewis* is not applicable to the present case because it does not concern the MVFRL. We agree. Although the lower courts seemed to rely on *Lewis*

11. The limits of section 1774 are as follows: $15,000 because of injury to one person in any one accident; $30,000 because of injury to two or more persons injured in any one accident; $5,000 property damage as the result of any one accident.

12. Although the Uninsured Motorist Act does not require that self-insured motorists provide uninsured motorist coverage, *Lewis* applied existing caselaw in reaching that result. *See Modesta v. Southeastern Pennsylvania Transportation Auth.*, 503 Pa. 437, 469 A.2d 1019 (1983), where we held that the No Fault Act's requirement that self-insurers provide "assurance substantially equivalent to that afforded by a contract of insurance ...," 40 P.S. § 1009.104(b), must be interpreted to mean that self-insurers were required to provide uninsured motorist coverage.

to decide this case, *Lewis* interpreted the Uninsured Motorist Act and the No Fault Act (now repealed), and neither of these statutes is involved in this case. Moreover, even though the issue in *Lewis* was identical with the issue in this case, ("whether the persons injured [in a work-related motor vehicle accident] are to any extent entitled to uninsured motorist benefits from their self-insured employers," *Lewis*, 517 Pa. at 469, n. 4, 538 A.2d at 865, n. 4.), the No Fault Act, which served as a predicate for the decision in *Lewis*, has since been repealed. Although *Lewis* continues to be controlling precedent in cases similar to this one involving the Uninsured Motorist Act and the No Fault Act, it is not controlling precedent as to the present case. Notwithstanding, the *Lewis* rationale supports the conclusion reached today.

■■■ Since *Lewis* cannot be used to preempt Hackenberg's claim for both uninsured motorist benefits and workers' compensation benefits, Hackenberg's final argument must be addressed. That argument is that section 1787 of the MVFRL, requiring self-insured entities to provide uninsured benefits, supersedes section 303(a) of the Workmen's Compensation Act because the MVFRL was more recently enacted. This claim is based on section 1936 of the Statutory Construction Act, which provides:

> Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail.

We disagree that section 1936 of the Statutory Construction Act requires the more recently enacted MVFRL to supersede the terms of the Workmen's Compensation Act. It is improper to resort to a comparison of dates of enactment unless the statutes in question cannot be construed so as to give effect to both. Section 1933 of the Statutory Construction Act provides:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions

shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933. Applying the analysis of section 1933 of the Statutory Construction Act, the requirement of section 1787 of the MVFRL that self-insured entities provide uninsured motorist coverage is, on the facts of this case, in irreconcilable conflict with the requirement of section 303(a) of the Workmen's Compensation Act that worker's compensation benefits are the sole and exclusive liability of an employer for an employee's work-related injury. Section 303(a) of the Workmen's Compensation Act, however, is clearly a special provision since it concerns a narrow class of accidents (those involving employees who are making claims against their employers), and it prevails over the more general terms of the MVFRL unless it is the *manifest intention of the General Assembly* that the general provision prevail. The legislature has not manifested such an intention. We conclude, therefore, that section 303(a) of the Workmen's Compensation Law is an exception to the general rule of Section 1787 of the MVFRL, and that under the terms of the MVFRL a self-insured employer may not be required to pay both uninsured motorist benefits and workers' compensation benefits to an employee who has received a work-related injury.

Order of Superior Court in *Hackenberg v. SEPTA,* 137 E.D. Appeal Docket 1989, is affirmed.

CAPPY, J., files a concurring and dissenting opinion.

LARSEN, J., files a dissenting opinion, which is joined by PAPADAKOS, J.

CAPPY, Justice, concurring and dissenting.

I join the majority opinion in their decision for the appellees in *Dyll v. Bell Telephone Co. of Pa.* I respectfully dissent from the majority decision in *Hackenberg v. SEPTA.*

I believe that the majority has misconstrued the rules of statutory construction in reaching the conclusion that the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1701 *et seq.*, is intended to treat claimants whose insurance is supplied by an insurance company differently from claimants who receive insurance coverage from a self-insurer. According to the majority interpretation, the claimants whose claims are covered by insurance companies are entitled to uninsured motorist benefits and workmen's compensation benefits, while the claimants whose claims are covered by a self-insured employer are *only* entitled to workmen's compensation benefits.

At issue here is the interplay between Section 303(a) of the Workmen's Compensation Act, 77 P.S. § 481(a), and § 1735 of the MVFRL. The Workmen's Compensation Act as amended in December 1974 provides that it shall be the exclusive remedy to employees suffering work related injuries. The MVFRL at § 1735, as effective October 1984, provides that "[t]he coverages required by this subchapter shall not be subject to an exclusion or reduction in amount because of any worker's compensation benefits payable as a result of the same injury."

As the majority correctly states, the rules of statutory construction require that when two statutes passed by different General Assemblies are irreconcilable the act passed later in time shall prevail. 1 Pa.C.S.A. § 1936. However, the majority states that we need not apply this rule since Section 303(a) of the Workmen's Compensation Act is not in conflict with § 1787 of the MVFRL.[1] The reasoning here is that § 1787 fails to specifically state that benefits payable to claimants who are covered under the act by self-insurers "shall not" be excluded or reduced by workmen's compensation benefits. Therefore, the majority reasons that self-insurers are obviously in a different category and the language of the Workmen's Compensation Act must prevail.

---

1. § 1787 is the section within the MVFRL that specifically relates to self-insurance.

I cannot agree with this reasoning. It is true that different standards are set forth in the MVFRL as to self-insurers, such as how one qualifies to be a recognized self-insurer and what limits of liability apply to self-insurers. However, the legislature did not state in the list of special exceptions for self-insurers, that self-insurers were in a class exempt from having to pay both uninsured motorist benefits and workmen's compensation benefits. Where the specific provisions of a statute do not override the general provisions, the general provisions must prevail. 1 Pa.C.S.A. § 1933.

Because of the tortured logic employed by the majority, I reject their interpretation of these two statutes and assert that the legislature specifically intended claimants under the MVFRL to be entitled to claim both uninsured motorist benefits and workmen's compensation benefits for the same injury.

In *Wagner v. National Indemnification Co.*, 492 Pa. 154, 422 A.2d 1061 (1980), this Court reviewed the question of inconsistencies in this very section, 303(a), of the Workmen's Compensation Act in light of the then No–Fault Act, 40 P.S. § 1009.101. As Section 303(a) had been amended five months after passage of the No–Fault Act and specifically stated that it was the sole means of compensation for injuries to employees, the claim under the No–Fault Act for Wagner's injuries was rejected. Section 303(a) was found to control as it came later in time.

The majority's holding is inconsistent with *Wagner* and the rules of statutory construction. Further, it creates an arbitrary classification between claimants covered by an insurance company and those covered through a self-insurer. There can be no valid public policy reason for such a classification. I dissent.

LARSEN, Justice, dissenting.

I join the dissenting opinion of Mr. Justice Cappy as to the appeal in *Hackenburg v. Southeastern Pa. Transp.*

*Auth.*, No. 137 E.D. Appeal Docket 1989. Further, I dissent from the decision of the majority in *Dyll v. Bell Telephone Co.*, No. 10 W.D. Appeal Docket 1990.

Mr. Justice Flaherty, writing for the majority, states that appellee, Bell Telephone Company of Pennsylvania, as a self-insurer under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§ 1701–1798.4, is not required to provide underinsured coverage. In *Modesta v. Southeastern Pa. Transp. Auth.*, 503 Pa. 437, 445, 469 A.2d 1019 (1983), this Court stated that "the approval received by a self-insurer allowing it to self-insure is the equivalent of a 'liability policy of insurance'...." Self-insurance is not a means by which self-insurers may avoid the claims of those individuals for whose protection the insurance laws have been enacted. And it is patently absurd to believe that the legislature would have intended to premise the availability of coverage to injured parties upon whether or not the owner of an involved vehicle were self-insured.

Accordingly, I would find that self-insurers in this Commonwealth must comply with those sections of the Motor Vehicle Financial Responsibility Law requiring the provision of underinsured motorist coverage in every vehicle liability insurance policy issued. 75 Pa.C.S. §§ 1731–1736.

Thus, I would reverse the opinion of the Superior Court, which affirmed the order of the Court of Common Pleas of Allegheny County, dismissing appellants' declaratory judgment action, and I would remand for further proceedings.

PAPADAKOS, J., joins this dissenting opinion.