Process is **GRANTED,** and the Petition for Writ of Mandamus is **DENIED.**

**John SPENCER, Petitioner**

v.

**COMMONWEALTH OF PENNSYL-VANIA BOARD OF PROBATION AND PAROLE, Respondent.**

No. 20 EM 2013.

Supreme Court of Pennsylvania.

May 1, 2013.

*ORDER*

PER CURIAM.

**AND NOW,** this 1st day of May, 2013, the Application for Leave to File Original Process is **GRANTED,** and the Petition for Writ of Mandamus and/or Extraordinary Relief is **DENIED.**

**Robert Lee HOLMAN, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Pennsylvania Board of Probation and Parole, Pennsylvania Department of Corrections, Mike Wenerowicz, Warden, Respondents.**

No. 29 EM 2013.

Supreme Court of Pennsylvania.

May 2, 2013.

*ORDER*

PER CURIAM.

**AND NOW,** this 2nd day of May, 2013, the Application for Leave to File Original Process is **GRANTED,** and the Petition for Writ of Mandamus is **DENIED.**

**Stephen HAND, Appellant**

v.

**CITY OF PHILADELPHIA and Erie Insurance Group, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 14, 2013.

Filed March 4, 2013.

Rania M. Major–Trunfio, Philadelphia, for appellant.

Alan C. Ostrow, Philadelphia, for City of Philadelphia, appellee.

David M. McCormick, Philadelphia, for Erie, appellee.

BEFORE: STEVENS, P.J., GANTMAN, J., and LAZARUS, J.

OPINION BY LAZARUS, J.

Stephen Hand appeals from the order of the Court of Common Pleas of Philadelphia County sustaining the preliminary objections of the City of Philadelphia (the City) and Erie Insurance Group (Erie), and dismissing his complaint. After careful review, we affirm.

The trial court summarized the relevant facts as follows:

> [Hand] was employed by [the City] as a police officer. On November 1, 2007, [Hand] was struck by a privately owned vehicle while on duty and operating a police patrol car owned and insured by [the] City. [Hand] suffered serious personal injuries as a result of the collision. [Hand] has incurred medical expenses for both initial and ongoing treatment for personal injuries arising out of the accident.
>
> Erie issued an automobile insurance policy to [Hand that was in effect on] November 1, 2007. The policy provided for Personal Injury Protection (hereinafter referred to as "PIP") benefits. [The] City, a self-insured employer, provided [Hand] with PIP benefits including first party medical loss benefits and uninsured and underinsured motorist benefits.
>
> [Hand] did not receive any PIP benefits from the policies issued by [Erie and the City] to cover the cost of medical treatment for injuries sustained in the aforementioned automobile accident. [Hand] also did not receive wage loss benefits from [the] City. Hand's treating physicians have made a demand for payment for medical services rendered.

Trial Court Opinion, 9/13/12, at 2–3 (citations omitted).

Hand filed a writ of summons on October 26, 2011, and on March 26, 2012, he filed a complaint against the City and Erie. The City and Erie filed preliminary objections pursuant to Pa.R.C.P. 1028(a)(4), asserting that Hand had failed to state a claim upon which relief could be granted. By orders filed June 12, 2012 and June 14, 2012 respectively, the trial court sustained the preliminary objections of the City and Erie, and dismissed Hand's complaint.

Hand filed a timely notice of appeal, and on August 3, 2012, in response to an order from the trial court, he filed a statement of issues complained of on appeal pursuant to Pa.R.A.P. 1925(b). On September 13, 2012, the trial court filed its Rule 1925(a) opinion.

On appeal, Hand raises the following issues for our review:

1.  Whether the Supreme Court's holding in *Hackenberg v. Southeastern Pennsylvania Transportation Authority* [526 Pa. 358], 586 A.2d 879 (Pa.1991), that a self-insured employer is not obligated to provide uninsured motorist benefits to an employee who is injured while in furtherance of the employer's business affairs is erroneous and should be overruled by the Supreme Court as it is based upon tortured logic and a misapplication of the Statutory Construction Act; and whether, therefore, the trial court committed legal error in holding the City is not obligated to provide uninsured motorist benefits to [Hand], who was injured while operating a motor vehicle in the course and scope of his employment as a Philadelphia police officer.

2.  A.  Whether the trial court erred as a matter of law in holding that [the] City does not have to provide underinsured motorist benefits to an employee, such as [Hand]; whether the trial court erred as a matter of law in extending the holding in *Hackenberg* to underinsured motorist benefits; and whether *Hackenberg* was wrongly decided and should be overruled.

    B.  Whether the trial court erred as a matter of law in granting preliminary objections in the form of a demurrer under Pa.R.C.P. 1028(a)(4) where there is a factual issue as to whether [the] City does provide underinsured coverage applicable to employees, such as [Hand], injured in the course and scope of their employment.

3.  Whether the trial court erred as a matter of law in extending the holding in *Hackenberg* to [PIP] benefits, and whether *Hackenberg* was wrongly decided and should be overruled.

4.  Whether the trial court erred as a matter of law in holding that the so-called "regular use exclusion" in [Hand's] policy with Erie (Exclusion No. 10 of Endorsement AFPUO1 (Ed. 3/07) UF–8805) bars him from recovering uninsured or underinsured motorist coverage benefits for the accident giving rise to this matter.

5.  Whether the trial court erred as a matter of law in holding that the so-called "regular use exclusion" in [Hand's] policy with Erie is unambiguous with regard to what constitutes "regular use" of a vehicle or a "regularly used" vehicle.

6.  Whether the trial court erred as a matter of law in holding that the so-called "regular use exclusion" in [Hand's] policy with Erie applies to a vehicle which [Hand] only used for work purposes.

7.  Whether the trial court erred as a matter of law in holding that the so-called "regular use exclusion" in [Hand's] policy with Erie applies to a vehicle which [Hand] did not use on an everyday basis, but rather was one of a number of vehicles in the police department's fleet that [Hand] used.

8.  Whether the trial court erred as a matter of law in granting preliminary objections in the form of a demurrer under Pa.R.C.P. 1028(a)(4) where there is a factual issue as to whether the vehicle [Hand] was driving at the time of the accident giving rise to this matter was a vehicle he used on an everyday basis rather than one of a number of vehicles in the police department's vehicle fleet that [Hand] used.

9.  Whether the trial court erred as a matter of law in holding that the definition of "anyone we protect" in Endorsement AFPUO1 (Ed. 3/07) UF–

8805 of [Hand's] policy with Erie, and particularly paragraph 4.b of that definition bars [Hand] from recovering uninsured or underinsured benefits for the accident giving rise to this matter.

10. Whether the trial court erred as a matter of law in finding that worker's compensation benefits are the exclusive, rather than merely the primary, source of first party benefits for [Hand].

Brief of Appellant, at 4–6.

■■■ Hand asserts that the trial court erred by sustaining the preliminary objections of the City and Erie.

Our standard of review of an order of the trial court overruling or [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Richmond v. McHale,* 35 A.3d 779, 783 (Pa.Super.2012) (citations omitted).

■■ As previously noted, the City is a self-insured employer. In *Hackenberg v.*

*Southeastern Pennsylvania Transportation Authority,* 526 Pa. 358, 586 A.2d 879, 885 (1991), the Pennsylvania Supreme Court held that "under the terms of the MVFRL [Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§ 1701–1799.7], a self-insured employer may not be required to pay both uninsured motorist benefits and workers' compensation benefits to an employee who has received a work related injury." The Court noted that the exclusivity provisions of Section 303(a) of the Workers' Compensation Act, 77 P.S. § 481(a), are an exception to the requirement of section 1787(a)(3) of the MVFRL requiring self-insurers to provide uninsured motorist benefits.

Hand candidly admits that *Hackenberg* is the law, and that he can find no binding authority to the contrary. Brief of Appellant, at 9. However, he argues that the Supreme Court wrongly decided *Hackenberg,* and points to the dissenting opinions in *Hackenberg* and *Lemon v. City of Philadelphia,* 527 Pa. 365, 592 A.2d 37 (1991) in which Justice Cappy concluded that an injured employee should be allowed to claim uninsured motorist benefits from a self-insured employer.

■■ Under these circumstances, our role as an intermediate appellate court is clear.

Where the Supreme Court has spoken on a particular subject, it is our obligation, as an intermediate appellate court, to follow and apply that decision so as to establish some measure of predictability and stability in our case law. In the absence of a legally relevant distinction between the facts of a previous case and the case before us, we are obliged to follow the dictates of the Supreme Court's decision in the prior case.

*Malinder v. Jenkins Elevator & Mach. Co.,* 371 Pa.Super. 414, 538 A.2d 509, 513 (1988). Because the Supreme Court in

*Hackenberg* has clearly held that a self-insured employer need not provide uninsured motorist benefits to an employee, we must affirm the trial court, which decided this issue in accordance with *Hackenberg*.

Hand next argues that the trial court erred in determining that self-insured employers are not required to provide underinsured motorist benefits to their employees. He states that "underinsured motorist benefits ... were not at issue in *Hackenberg*." Brief of Appellant, at 11. A more accurate statement would be that underinsured motorist benefits were not at issue in *Hackenberg*, but they were at issue in *Dyll v. Bell Telephone Co. of Pennsylvania*, 526 Pa. 358, 586 A.2d 879 (1991), which was consolidated with *Hackenberg*. In *Dyll*, the Supreme Court stated unequivocally that section 1787 of the MVFRL does not require a self-insured party to provide underinsured motorist benefits. *Dyll*, 586 A.2d at 882. Accordingly, there is no merit to Hand's claim that the trial court erroneously extended the *Hackenberg* holding regarding uninsured motorist benefits to underinsured motorist benefits.

■ Hand further argues that the trial court erred in sustaining the City's preliminary objections because there were issues of fact in dispute as to whether the City provides underinsured motorist coverage "in circumstances other than those of employees injured in the course and scope of their employment." Brief of Appellant, at 11. Initially, we note that Hand's complaint does not assert that the City voluntarily provides these benefits to anyone, and therefore there are no facts at issue.

Hand also fails to set forth an argument why the City's decision to offer such benefits to non-employees (if it does), affects its obligation to provide such benefits to employees in the absence of a statute requiring it to do so. Accordingly, the trial court did not err in determining that Hand could not allege sufficient facts to state a claim upon which relief could be granted.[1]

■ Hand's final claim with respect to the City is that the trial court erred in holding that as a self-insured entity, the City was not required to provide PIP benefits for its employees. Section 306(f) of the Workers' Compensation Act, 77 P.S. § 531, provides that workers' compensation benefits are the source for paying all of the medical bills of an employee who is injured in the course and scope of his employment. Just as a self-insured entity is not required under section 1787 of the MVFRL to provide underinsured motorist benefits, neither is it required to provide PIP benefits.

In support of his position, Hand relies on a memorandum decision of this Court, *Kilgallen v. Liberty Mutual*, 401 Pa.Super. 651, 577 A.2d 657 (1990) (unpublished memorandum) in which a panel held that PIP benefits may be sought from an employer's private insurance carrier in the event that workers' compensation benefits are exhausted.[2] This Court's Internal Operating Procedure (IOP) § 65.37 provides, in relevant part, that "an unpublished memorandum decision shall not be relied upon or cited by a Court or a party." Because Hand's argument is based entirely on a case that we, and Hand, are pre-

---

1. Even if Hand established that the City provides underinsured motorist coverage to non-employees, this would not advance his argument that employees are entitled to the same coverage in light of the exclusivity provisions of the Workers' Compensation Act, 77 P.S. § 481(a).

2. The text of *Kilgallen* is accessible at 401 Pa.Super. 651, 577 A.2d 657, 1990 Pa.Super. LEXIS 2895.

cluded from relying upon, we deem his argument waived.[3]

■ Accordingly, the trial court properly sustained the City's preliminary objections and dismissed Hand's complaint.

In sustaining Erie's preliminary objections, the trial court relied on the following exclusion set forth in the endorsement to Hand's policy:

This insurance does not apply to:

. . .

10. bodily injury to **"you"** or a **"resident"** using a non-owned **"motor vehicle"** or a **"non-owned"** **"miscellaneous vehicle"** which is regularly used by **"you"** or a **"resident,"** but not insured for Uninsured or Underinsured Motorist Coverage under this policy.

Complaint, 3/26/12, Exhibit A (emphasis in original).

Hand disagrees. He argues that although the policy does not define the terms "regular use" and "regularly used," the "above-quoted exclusion in the Liability Coverage section of the policy provides clear guidance . . . that 'regular use' means full use at the insured's discretion, and does not mean use of an employer-owned vehicle which the employer requires the employee to use for work and work only." Brief of Appellant, at 12.

Hand's position, however, is contrary to the holding of *Williams v. GEICO*, 613 Pa. 113, 32 A.3d 1195 (2011), in which the Supreme Court held that a police officer injured while in the course and scope of his employment was precluded from recovering underinsured motorist benefits under his personal auto policy based on the "regular use" exception. As in the case before

us, the policy at issue in *Williams* did not define the term "regular use." Nevertheless, the Court determined that it was "unambiguous." *Id.* at 1206. Based on *Williams*, Hand cannot prevail on this issue.

Hand further argues that the "regular use exception" is not applicable "because the exclusion clearly refers only to a single vehicle, not a fleet of vehicles of which the vehicle involved in the accident was just one." Brief of Appellant, at 13. Accordingly, he argues that the policy is ambiguous and must be construed against the drafter. *Mohn v. American Casualty Co.*, 458 Pa. 576, 326 A.2d 346 (1974).

Our case law holds otherwise. In *Brink v. Erie Ins. Group*, 940 A.2d 528 (Pa.Super.2008), an officer who used multiple police vehicles was injured during the course and scope of his employment. In rejecting an argument similar to the one Hand makes, the Court held:

In Pennsylvania, the test for "regular use" is whether the use is "regular" or "habitual". Federal courts have held that an employee "regularly uses" a fleet vehicle if he regularly or habitually has access to vehicles in that fleet. Regular use of any **particular** vehicle is not required. We find this analysis persuasive and hereby adopt it.

. . .

The record . . . reflects that the Swatara Township Police Department provided Officer Brink access to police vehicles in order to perform the duties of his job, and that Officer Brink was injured during the performance of his duties. The fact that Officer Brink did not always use the particular vehicle in which the accident occurred, or any other police

---

**3.** Hand's exclusive reliance on *Kilgallen* in support of his position that he is entitled to benefits from Erie because workers' compensation benefits are not exclusive renders that argument waived as well.

vehicle on a daily basis, does not govern whether a vehicle was "available" to him at his employment. Said another way, his use was "regular" under the exclusion.

*Id.* at 535 (citations omitted, emphasis in original).

In light of *Brink,* Hand's argument that his use of the police vehicle involved in the accident was not "regular" must fail.

In his final issue, Hand argues that the following exclusion, which appears in the "Liability Protection" section of his policy, supports his contention that the "regular use exclusion" does not bar recovery for uninsured or underinsured motorist claims when an insured is operating a vehicle that his employer requires him to use for work:

"We" do not cover

. . .

6. a "**nonowned auto:**"

a. while used by "**anyone we protect**" while employed or otherwise engaged in the "**auto business,**"

b. while used in connection with any other business or occupation of "**anyone we protect.**" This exclusion does not apply to a "**private passenger auto**" or "**trailer.**"

Complaint, 3/26/12, Exhibit A (emphasis in original). The term "private passenger auto" is defined in the "General Policy Definitions" section of the policy as "a four wheel land 'motor vehicle' designed mainly to transport people on public roads." *Id.*

Hand argues that it is evident from the "nonowned auto" exclusion in the "Liability Protection" section of the policy that the "regular use exclusion" does not apply in this case. Brief of Appellant, at 11. We disagree that the connection is evident and we are hampered in our review of this claim due to Hand's failure to support his position. In any event, *Brink* makes it clear that Hand's use of a police vehicle constituted a "regular use exception," thereby precluding his claim for uninsured and underinsured benefits under the Erie policy.

Accordingly, the trial court properly sustained Erie's preliminary objections and dismissed Hand's complaint.

Order affirmed.

GANTMAN, J., concurs in the result.