**ERIE INSURANCE GROUP, Appellee**

v.

**Jack C. CATANIA, Jr. and Deborah Ann Catania, Appellants.**

Superior Court of Pennsylvania.

Argued March 4, 2014.

Filed June 30, 2014.

Jeffrey V. Mansell, Pittsburgh, for appellants.

Amy M. Kirkham, Pittsburgh, for appellee.

BEFORE: SHOGAN, OLSON and WECHT, JJ.

OPINION BY SHOGAN, J.:

Appellants, Jack C. Catania, Jr. and Deborah Ann Catania, appeal from the judgment entered on June 5, 2013, in the declaratory judgment action initiated by Appellee, Erie Insurance Group ("Erie"). We affirm.

On August 15, 2009, Jack C. Catania, Jr. ("Catania") was injured when, while driving a delivery truck in the course of his employment, he swerved to avoid another vehicle and lost control of the truck. Catania sustained injuries as a result of the accident. The other vehicle fled the scene. At the time of the accident, Catania had a personal policy of insurance with Erie. Because the other vehicle fled the scene, it was considered an uninsured motor vehicle under the policy, and Catania made a claim for uninsured motorist coverage.

On November 22, 2010, Erie denied the claim. Erie cited the "regularly used non-owned vehicle" exclusion as its basis for the denial. On June 27, 2011, Erie filed a declaratory judgment action in the Allegheny County Court of Common Pleas. On June 5, 2013, the trial court held that Erie had no duty to provide coverage to Appellants and entered judgment in Erie's favor. Appellants filed a timely appeal.

On appeal, Appellants claim that the trial court erred in granting Erie's motion for declaratory judgment and raise the following issues:

1. Whether the record supported the Lower Court's conclusion that the "regularly used non-owned vehicle" exclusion in Erie's policy is applicable based upon the stipulated facts of record and the reasonable expectations of the insured.

2. Whether the Lower Court erred in concluding that Appellee, Erie Insurance Exchange ("Erie"), was not

required to submit proof that its premium failed to compensate it for the risk of paying uninsured motorist benefits to Appellant, Jack C. Catania, Jr. who was injured while operating his employer's bread delivery truck.

Appellants' Brief at 4.[1]

The standard of review is as follows:

Our standard of review in a declaratory judgment action is limited to determining whether the trial court clearly abused its discretion or committed an error of law. We may not substitute our judgment for that of the trial court if the court's determination is supported by the evidence.

*Pocono Summit Realty, LLC v. Ahmad Amer, LLC,* 52 A.3d 261, 265 (Pa.Super.2012) (citations and quotation marks omitted). Additionally,

[w]e will review the decision of the lower court as we would a decree in equity and set aside the factual conclusions of that court only where they are not supported by adequate evidence. The application of the law, however, is always subject to our review.

*Id.* (citations and quotation marks omitted).

As noted above, this case involves a dispute regarding insurance coverage. In actions arising under an insurance policy, our courts have established a general rule that it is a necessary prerequisite for the insured to establish that his claim falls within the coverage provided by the insurance policy. *McEwing v. Lititz Mut. Ins. Co.,* 77 A.3d 639, 646 (Pa.Super.2013) (citations omitted). However, when the insurer relies on a policy exclusion as the basis for its denial of coverage, the insurer has

1. For purposes of our discussion, we have renumbered Appellants' issues on appeal.

asserted an affirmative defense and bears the burden of proving the exclusion. *Id.* (citations omitted).

Here, the trial court agreed with Erie that the regularly used nonowned exclusion was established, and Erie was not obligated to cover any losses suffered by Appellants. Trial Court Opinion, 6/5/13, at 3. That exclusion in the policy provides as follows:

This insurance does not apply to:

* * *

10. bodily injury to "you" or a "resident" using a non-owned "motor vehicle" or a non-owned "miscellaneous vehicle" which is regularly used by "you" or a "resident," but not insured for Uninsured or Underinsured Motorist Coverage under this policy.

Erie's Uninsured/Underinsured Motorists Coverage Endorsement—Pennsylvania, at 2, ¶ 10 (Certified Record at Docket Entry 1—Erie's Action for Declaratory Judgment, Exhibit A).

In *Hand v. City of Philadelphia,* 65 A.3d 916 (Pa.Super.2013), a police officer was injured in an accident while driving a police vehicle. He made a claim under his personal policy of insurance for underinsured motorist benefits, and the self-insured City of Philadelphia denied coverage due to the regularly used non-owned vehicle exclusion. *Id.* at 922. The appellant filed a complaint, and the City of Philadelphia filed preliminary objections. The complaint was dismissed. On appeal, as support for its decision, this Court cited *Williams v. GEICO,* 613 Pa. 113, 32 A.3d 1195 (2011), wherein the Supreme Court held that a police officer injured while in the scope of his employment was precluded from recovering underinsured motorist benefits under his personal auto policy based on the "regular use" exclusion. The appellant in *Hand* also argued that the "regular use exception" was not applicable because the exclusion referred only to a single vehicle, not a fleet of vehicles. This Court disagreed citing *Brink v. Erie Ins. Group,* 940 A.2d 528 (Pa.Super.2008), wherein we stated that regular use of a particular vehicle is not required. Accordingly, this Court concluded that the appellant in *Hand* was entitled to no relief.

■ Under the facts of the instant case, the regularly used non-owned vehicle exclusion clearly excluded coverage. It is undisputed that Catania was injured while driving a delivery truck, which he did not own and regularly used, but the vehicle was not insured for Uninsured or Underinsured Motorist Coverage under his personal auto policy with Erie. Therefore, Appellant is not entitled to relief on his first issue.

In Appellants' second issue, they argue that Erie did not prove that the premium Appellants paid did not compensate it for the risk of paying uninsured motorist benefits. The trial court addressed this issue as follows:

Erie has argued that when it prepared its premium structure, it did not evaluate the cost of providing insurance for [Catania's] work vehicle. It would have had to know the exact vehicle and all of the specifications regarding that vehicle to be able to make an intelligent underwriting decision. It further argues that in light of the fact that it placed a "regularly used non-owned vehicle" exclusion in the policy it obviously did not anticipate covering any work vehicle in its premium structure. Although defense counsel has made innovative and intriguing arguments to the contrary, this Court agrees with Erie's reasoning.

[Appellants] want to have further discovery on the rate structure of Erie, but same is not necessary because it is obvious that given the containment of the

exclusion in the policy, insuring a regularly used non-owned vehicle was not contemplated in its coverage or premium structure. In fact, Erie did not know at all times what work vehicle it would be insuring; accordingly, it could not have anticipated covering the work vehicle in the determination of its coverage and premiums for [Catania] on his personal vehicles under the Erie policy.

Trial Court Opinion, 6/5/13, at 3.

We agree with the trial court's assessment and conclude that Appellants' claim fails. The policy at issue covered Appellants' personal vehicles,[2] and it is clear that, in its coverage and premium structure, Erie never contemplated exposure for injuries that occurred in a non-owned work vehicle. Rather, as explained above, Appellants could not have had any expectation of coverage because the policy clearly and unambiguously excluded regularly used non-owned vehicles, i.e., Catania's work truck.

For the reasons set forth above, we discern no error or abuse of discretion in the trial court's entry of judgment in favor of Erie, and we conclude that Appellants are entitled to no relief. Accordingly, we affirm the trial court's entry of judgment in favor of Erie.

Judgment affirmed.

---

2. The only covered vehicles on the policy were a 1999 Chevrolet Cavalier and a 2003 Chevrolet S–10 pickup truck. Erie Insurance Exchange Family Auto Policy, Item 4.