621 A.2d 689

**Jannac JENKINS, Appellant,**

v.

**CITY OF PHILADELPHIA, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1992.

Filed March 12, 1993.

---

Stuart A. Carpey, Philadelphia, for appellant.

Alan C. Ostrow, City Sol., Philadelphia, for appellee.

Before CAVANAUGH, BECK and POPOVICH, JJ.

POPOVICH, Judge.

We are asked to review the June 10, 1992, order of the Court of Common Pleas of Philadelphia granting the preliminary objections in the nature of a demurrer of the City of Philadelphia against the plaintiff/appellant, Jannac Jenkins. We affirm.

In reviewing the grant of preliminary objections, the standard of review is well-settled; to-wit:

A preliminary objection in the nature of a demurrer admits every well-pleaded fact and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged complaint and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief may be granted. If there is any doubt as to whether a claim for relief has been stated, the trial court should resolve it in favor of overruling the demurrer.

*Bester v. Essex Crane Rental Corp.*, 422 Pa.Super. 178, 619 A.2d 304, 305–06 (Citations omitted).

The facts, examined under the applicable standard of review, indicate that the plaintiff was injured in a motor vehicle accident while in the course of his employment for the City of Philadelphia. The plaintiff settled his claim against the driver (Rudolph McNelly) of the vehicle involved in the accident for the $15,000.00 policy limits of the driver's insurance policy.

Because the plaintiff did not own a motor vehicle or reside with anyone who did own a vehicle, he applied to the defendant, City of Philadelphia, for underinsured motorist benefits. The City of Philadelphia refused to pay any underinsured motorist benefits on the ground that the plaintiff's claim was barred by the Pennsylvania Supreme Court decision in *Hackenberg v. SEPTA*, 526 Pa. 358, 586 A.2d 879 (1991). The court agreed and entered an order granting the defendant's preliminary objections. This appeal followed.

The sole issue posed for our consideration is whether an employee may recover both Workmen's Compensation and underinsured motorist benefits from his self-insured employer?

It is the plaintiff's position that the defendant and the court relied upon case law (*Hackenberg*, supra) which was superseded by legislation preceding and applicable to the date of his injury, i.e., 75 Pa.C.S. § 1737[1] was enacted February 7, 1990, and effective July 1, 1990, and, thus, was applicable to his July 2, 1990, accident date. In particular, the plaintiff argues that "[i]t is absolutely clear" that new Section 1737 was promulgated to afford employees the right to recoup un/underinsured and workmen's compensation benefits. We disagree with the plaintiff's interpretation of the statute and case law on the subject.

To begin with, in *Hackenberg*, supra, our Supreme Court was concerned with consolidated appeals: *Hackenberg v. SEPTA* and *Dyll v. Bell Telephone Co.*, both of which dealt with whether the self-insured employers (SEPTA and Bell Telephone Co.) were insulated from liability (for uninsured benefits in the case of SEPTA and underinsured benefits in regard to Bell Telephone Co.) to their employees (Hackenberg and Dyll, respectively) other than for worker's compensation benefits pursuant to the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1701 *et seq.*

As is herein applicable, the Supreme Court wrote:

The general scheme of insurance contemplated by the MVFRL as it applies to this case is that each motor vehicle registrant is required to certify that the registrant is financially responsible, 75 Pa.C.S. § 1786, and that such responsibility can be established either through the purchase of insurance coverage or by certification of self-insurance cov-

---

1. New Section 1737 of the Motor Vehicle Financial Responsibility Law reads:

Notwithstanding anything contained in the act of June 2, 1915 (P.L. 736, No. 338), known as The Pennsylvania Workmen's Compensation Act, no employee who is otherwise eligible shall be precluded from recovery of uninsured or underinsured motorist benefits from an *employer's motor vehicle policy* under this chapter or the act of August 14, 1963 (P.L. 909, No. 433) entitled "An act requiring, with limitations, that insurance policies insuring against loss, occurring in connection with motor vehicles provide protection against certain uninsured motorists [the Uninsured Motorist Act].

Act of February 7, 1990, P.L. 11, No. 6, § 12, 75 Pa.C.S. § 1737 (Emphasis added).

erage or by certification of self-insurance, 75 Pa.C.S. § 1782(a).

If a registrant wishes to be self-insured, it must file with the Department of Transportation evidence of sufficient financial resources, arrangements, deposits or commitments, and it must satisfy the department that it will:

1. Provide the benefits required by section 1711 (relating to required benefits), subject to the provisions of Subchapter B (relating to motor vehicle liability insurance first party benefits), except the additional benefits and limits provided in section 1712 (relating to availability of benefits) and 1715 (relating to availability of adequate limits).

2. Make payments sufficient to satisfy judgments are required by section 1774. . . .

3. Provide *uninsured* motorist coverage up to the limits set forth in section 1774.

75 Pa.C.S. § 1787(a) (emphasis added). Both employers in the present case have filed evidence of reliable financial arrangements and are "self-insurers" as defined by section 1787.

Section 1787 is the only section of the MVFRL which defines the benefits for which a self-insured entity is liable. In fact, the MVFRL defines the term "self-insurer" as "an entity providing benefits and qualified in the manner set forth in section 1787." It is to section 1787, then, that we must look to determine what benefits a self-insurer must pay under the MVFRL.

While section 1787 requires the provision of *uninsured* benefits, it make no mention of *underinsured* benefits. The Dylls' claim for underinsured benefits, therefore, was properly denied, for Bell was not required to provide *underinsured* coverage.

526 Pa. at 365, 586 A.2d at 882.

We read *Hackenberg* to preclude the recoupment of both underinsured motorist benefits and workmen's compensation from a self-insured employer by an employee injured in a work-related automobile accident. Cf. *Clark v. State Farm Auto. Ins. Co.*, 410 Pa.Super. 300, 599 A.2d 1001, 1004 (1991)

("The *Hackenberg* Court held that § 1735 prevails over § 303(a) in cases concerning employers who have purchased policies of insurance, but is not applicable to self-insured employers." (Citation omitted; footnote omitted)).

At bar, SEPTA is "self-insured", and, as such, the law does not permit the plaintiff/employee to recover both workmen's compensation and underinsured motorist benefits. The plaintiff argues to the contrary, and, in doing so, relies upon new Section 1737 of the MVFRL. See note 1, supra.

We interpret Section 1737 to permit an employee injured on the job to collect workmen's compensation, uninsured and underinsured motorist benefits from an employer "who is covered by *a motor vehicle insurance policy.*" See *Hackenberg*, supra, 526 Pa. at 361 n. 3, 586 A.2d at 880 n. 3. Such is not the case here, however, with a self-insured/CITY, who, under the law, is only required to provide *uninsured* coverage and not *underinsured* benefits. *Id.* at n. 7; 75 Pa.C.S. § 1787(a).

Therefore, we affirm the court's order granting the defendant's preliminary objections against the plaintiff.

Order affirmed.[2]

---

**2.** Although there may have been a change in the law, i.e., new Section 1737 of the MVFRL, allowing an employee to recover un/underinsured motorist benefits from an employer for a loss occurring on the job while operating a motor vehicle, Section 1787(a) still only requires a self-insured to provide *uninsured* motorist coverage.

Double recovery (workmen's compensation and un/underinsured benefits) is permitted under new Section 1737 of the MVFRL where the employer has a *motor vehicle policy* instead of being self-insured.

The city being self-insured, *meaning it did not carry a motor vehicle policy with an insurer,* required it to carry only an uninsured motorist policy and not underinsured motorist coverage. See *Hackenberg,* supra; 75 Pa.C.S. §§ 1737, 1787(a).