## Davis v. Port Authority of Allegheny County

*Eric F. Solomon,* for plaintiff.
*Terrance R. Henne,* for defendant.

WETTICK, *J.,* September 21, 1993—Plaintiff is a PAT bus driver. She was injured when a bus which she was operating was struck by a stolen and uninsured vehicle driven by an unknown driver. Plaintiff had no automobile insurance at the time of the accident.

Plaintiff has brought a claim against PAT to recover uninsured motorist benefits. PAT is self-insured. The subject of this opinion and order of court is PAT's preliminary objections in the nature of a demurrer. PAT contends that workers' compensation is plaintiff's exclusive remedy. She cannot bring an uninsured motorist claim against a self-insured employer.

PAT relies on *Hackenberg v. SEPTA,* 526 Pa. 358, 586 A.2d 879 (1991), which dismissed an employee's claim for uninsured motorist benefits against a self-insured employer. In that case, the court held that section 303(a) of the Workers' Compensation Act, 77 P.S. §481(a), which limits an employee's recovery from her employer to workers' compensation benefits for any work-related injury, takes precedence over the requirement of section 1787 of the Motor Vehicle Financial Responsibility Law that self-insured entities provide uninsured motorist benefits.

The accident in the *Hackenberg* case occurred in January 1986 and the *Hackenberg* opinion was based on provisions of the Motor Vehicle Financial Responsibility Law in effect as of that date. In the present case, the accident occurred in April 1991. Amendments to the Motor Vehicle Financial Responsibility Law effective July 1, 1990 contain a new provision which

reads as follows: "no employee who is otherwise eligible shall be precluded from recovery of uninsured or underinsured motorist benefits from an employer's motor vehicle policy under [the Motor Vehicle Financial Responsibility Law or the Uninsured Motorist Act]." 75 Pa.C.S. §1737.

PAT contends that in *Jenkins v. City of Philadelphia,* 423 Pa. Super. 588, 621 A.2d 689 (1993), the Pennsylvania Superior Court ruled that *Hackenberg* continues to be good law after the effective date of section 1737. This is not correct.

In the *Jenkins* case, an employee of the City of Philadelphia (self-insured) was injured in a motor vehicle accident while acting in the course of his employment. He settled his claim against the driver of the vehicle involved in the accident for the policy limits of the driver's insurance policy. He then sought to recover underinsured motorist benefits from the City of Philadelphia. The city refused to pay, citing *Hackenberg v. SEPTA, supra.* Plaintiff argued that under section 1737 he was now entitled to recover both underinsured motorist benefits and workers' compensation benefits from the City of Philadelphia.

The court ruled against the plaintiff. However, it did so on the ground that the benefits for which a self-insured entity is liable are set forth in section 1787 of the Motor Vehicle Financial Responsibility Law. This section, according to the *Jenkins* opinion, requires a self-insured owner to provide uninsured benefits but makes no mention of underinsured benefits. This means that the Motor Vehicle Financial Responsibility Law does not require a self-insured to provide underinsured motorist benefits.[*]

---

[*] While I am obviously bound by this ruling, I continue to question whether section 1787(a) was intended to describe each benefit that a self-insured must provide. In the case of *Eads v. Port Authority*

Since both opinions which PAT cites state that section 1787(a) describes the benefits that a self-insurer must provide, PAT has a duty to provide uninsured motorist coverage under section 1787(a)(3) which states that the self-insurer will: "Provide uninsured motorist coverage up to the limits set forth in section 1774."

---

*of Allegheny County,* 8 D.&C.4th 661 (1991), *rev'd,* no. 677 C.D. 1991 (Pa. Commw. Feb. 13, 1992), I said that since any owner of a vehicle can comply with the financial responsibility requirement of the Motor Vehicle Financial Responsibility Law by either obtaining motor vehicle liability insurance or by meeting the self-insurance requirements of section 1787, there would be no reason for the legislature to differentiate between the benefits that an injured third person will receive on the basis of the selection that the owner made. See *Jones v. Travelers Insurance Co.,* 356 Pa. Super. 213, 221, 514 A.2d 576, 580-81 (1986), quoting *Modesta v. SEPTA,* 503 Pa. 437, 441, 469 A.2d 1019, 1022 (1983):

"[S]elf-insurance is not a means by which self-insurers may avoid the claims of those individuals for whose protection the insurance laws have been enacted."

In *Eads v. Port Authority,* I found no merit to PAT's contention that section 1787's failure to mention underinsured benefits was a clear expression of the legislature's intention to exempt self-insurers from paying these benefits that a victim of a motor vehicle accident can recover when there is insurance coverage:

"This provision [section 1787] does not address the obligations of a self-insurer to pay the benefits described in the Motor Vehicle Financial Responsibility Law. It only addresses the issue of which potential payments the Department of Transportation shall consider in determining whether the owner seeking a self-insurance status has provided sufficient evidence that reliable financial arrangements, deposits, resources, and commitments exist. The evidence that would establish a self-insurer's ability to provide uninsured motorist coverage would also establish its ability to pay underinsured motorist coverage. Furthermore, a person who recovers damages under uninsured motorist coverage cannot recover damages under underinsured motorist coverage for the same accident. 75 Pa.C.S. §1731(d). Consequently,

It no longer matters that the party claiming uninsured motorist benefits is an employee of the self-insurer. This was the controlling issue in *Hackenberg* because there is no provision within the earlier version of the Motor Vehicle Financial Responsibility Law that expressly superseded the provision of section 303(a) of the Workers' Compensation Act that workers' compensation benefits are the sole liability of an employer for an employee's work-related injury. However, the present case is governed by the later version of the Motor Vehicle Financial Responsibility Law which expressly provides that the provisions of the Motor Vehicle Financial Responsibility Law and the Uninsured Motorist Act supersede section 303(a) of the Workers' Compensation Act.

For these reasons, I enter the following order of court:

## ORDER

And now, September 21, 1993, it is hereby ordered that defendant's preliminary objections in the nature of a demurrer are overruled.

An arbitration hearing will be held on November 3, 1993, Room 523, Fifth Floor Courthouse, at 9:00 A.M.

---

in all likelihood, the legislature did not mention underinsurance benefits in section 1787 because the requirement that the self-insurer have sufficient resources to pay uninsured motorist claims fully protects persons with underinsured motorist claims." *Eads v. Port Authority, supra* at 664-65.