**Carey v. Allstate Insurance Company**

*John M. Glace,* for plaintiff.
*Richard B. Druby,* for defendant Allstate.
*James A. Nealon,* for defendants Insurance Company of North America and BTI.

LEWIS, *J.,* December 7, 1995—On November 12, 1991, while acting in the course and scope of his full-time employment as an interstate truck driver for defendant Builders Transport Inc., plaintiff Larry Carey was injured in a motor vehicle accident which occurred in Hartford, Connecticut. At the time of the accident, plaintiff Carey was operating a tractor owned by his employer, BTI. That vehicle was registered and licensed in North Carolina.

Defendant BTI was an authorized interstate self-insurer through the Interstate Commerce Commission. BTI was covered under an excess business auto liability policy issued by defendant Insurance Company of North America, CIGNA, which provided a $500,000 self-insured retention. The policy was issued by Palmer & Cay/Carswell in Savannah, Georgia, and delivered to defendant BTI in Camden, South Carolina. Furthermore,

at the time of this accident, plaintiff Carey was covered under a policy of motor vehicle insurance issued by defendant Allstate Insurance Company.

As a result of the accident, plaintiff received workers' compensation from CIGNA, his employer BTI's workers' compensation carrier. After pursuing an action against the third party tortfeasor and settling his claim for the policy limits of the tortfeasor, plaintiff commenced a declaratory judgment action on November 12, 1993 against Allstate, CIGNA and BTI, seeking a declaration regarding liability for underinsured motorist coverage of the respective defendants. On January 20, 1994, Allstate settled plaintiff's claim for underinsured motorist coverage benefits in the amount of $210,000. Additionally, plaintiff agreed to assign any claim he may have in the declaratory judgment action to Allstate. Allstate is seeking indemnification from defendants CIGNA and BTI of the $210,000 payment.

On April 14, 1995, defendants BTI and CIGNA filed a motion for summary judgment and brief in support thereof requesting that judgment be entered in their favor as a matter of law since BTI, as a self-insurer, was not required to provide underinsured motorist benefits. With respect to defendant CIGNA, the excess policy issued to defendant BTI did not provide for underinsured motorist coverage nor did the amount for which defendant Allstate settled the plaintiff's claim rise to the level at which the CIGNA policy would be triggered.

On May 31, 1995, defendant Allstate filed a brief in opposition to the motion for summary judgment requested by defendants BTI and CIGNA and subsequently did not appear at argument which was held in front of a three judge panel of this court on July 26, 1995. On August 7, 1995, this court denied defendants' motion for summary judgment, stating that

there was a genuine issue of material fact as to whether the truck involved in the motor vehicle accident was "principally garaged" in Pennsylvania as defined by 75 Pa.C.S. §1731(a). This court stated that the resolution of this material fact is crucial to the ultimate determination of whether defendant Allstate is primarily or secondarily liable for underinsured motorist benefits coverage.

Defendants BTI and CIGNA then filed a petition for reconsideration which was granted by this court on September 11, 1995. Defendants BTI and CIGNA requested that this court enter summary judgment in their favor based upon the plain wording of section 1731(a) and the precedent set forth in the recent case *Insurance Company of Pennsylvania v. Hampton,* 441 Pa. Super. 382, 657 A.2d 976 (1995). Counsel agreed to reargument in front of this court sedet solum.

Summary judgment may only be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, and viewed in a light most favorable to the non-movant, exhibit that there is no genuine issue of material fact. Pa.R.C.P. 1035(b); *Elder v. Nationwide Insurance Co.,* 410 Pa. Super. 290, 599 A.2d 996 (1991). Moreover, it must be clear and free from doubt that summary judgment is warranted, and any doubt is resolved in favor of the non-movant. *American States Insurance Co. v. Maryland Casualty Co.,* 427 Pa. Super. 170, 628 A.2d 880 (1993).

Under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1731(a) states:

*"No motor vehicle liability insurance policy shall be delivered or issued for delivery in this Common-wealth,* with respect to any motor vehicle registered or principally garaged in this Commonwealth, unless

uninsured motors and underinsured motorist coverages are offered therein. . . ." (emphasis added)

Defendant BTI argues that since it is self-insured, there was no "motor vehicle liability insurance policy . . . delivered or issued for delivery in this Commonwealth." Since the vehicle involved was not covered by "a motor vehicle liability policy," whether the vehicle in question was "principally garaged" in Pennsylvania is irrelevant.

In *Jenkins v. City of Philadelphia,* 423 Pa. Super. 588, 621 A.2d 689 (1993), an employee who had been injured in a work-related automobile accident recovered workers' compensation insurance and attempted to obtain underinsured motorist benefits from his self-insured employer as well. The court held that the employee could not recover both workers' compensation and *under*insured motorist benefits from a self-insured employer, even if he could have recovered *un*insured motorist benefits along with workers' compensation. *Id.* at 592, 621 A.2d at 691. In the case at bar, since plaintiff Carey obtained workers' compensation through defendant BTI, he would not be able to receive both workers' compensation and underinsured motorist coverage from Defendant BTI. Therefore, defendant Allstate has no claim for indemnification against defendant BTI for any payments made to plaintiff Carey for underinsured motorist coverage.

Furthermore, defendants correctly cite the case *Insurance Company of Pennsylvania v. Hampton, supra,* to support their position that no underinsured motorist coverage is mandated under the policy even if the vehicle was principally garaged in Pennsylvania. In *Hampton,* Earl Hampton Jr. sought to make a claim for underinsured motorist benefits under a commercial trucker's policy after he was injured in an accident while operating

his uninsured motorcycle. The policy had been issued to his mother in Delaware, with whom Earl Hampton Jr. resided, and provided coverage for a 1988 Peterbilt truck, naming Barbara Hampton as the insured. The court found that no underinsured motorist benefits were available to Mr. Hampton because even if he was an insured under the terms of the policy, he was not operating a covered automobile at the time of his injury. *Id.* at 979, 980. While the court discussed the express terms of the policy as additional reasons why coverage doesn't apply, the court clearly stated that underinsured motorist coverage is not mandated for policies issued or delivered in states other than this Commonwealth:

"Even if we accepted Hampton's interpretation of the MVFRL and his assertion that the policy incorporates Pennsylvania law, however, there would be no coverage for Hampton's injuries. Pennsylvania law does not require insurance policies issued or delivered in other states for vehicles licensed in those states to include underinsured motorist coverage." *Id.* at 387, 657 A.2d at 978.

In the present case, the vehicle plaintiff was driving was licensed in North Carolina. The policy clearly indicates that it was delivered to defendant BTI in South Carolina and issued by Palmer & Cay/Carswell in Savannah, Georgia. Accordingly, the CIGNA excess policy need not provide for underinsured motorist coverage because the policy was issued and delivered in states other than Pennsylvania for a vehicle that was registered and licensed in North Carolina.

With respect to defendant CIGNA, the excess policy issued to BTI did not provide underinsured motorist benefits for those vehicles registered and licensed in the state of North Carolina, the state in which the vehicle involved in the accident was registered and licensed.

Even if the CIGNA policy had provided for underinsured motorist coverage, Allstate's settlement with plaintiff for $210,000 would not entitle it to indemnification from defendant CIGNA since this amount falls below the $500,000 amount at which the CIGNA policy is triggered.

In conclusion, defendants BTI and CIGNA are entitled to summary judgment based upon the plain wording of section 1731(a) and the precedent set forth in *Insurance Company of Pennsylvania v. Hampton, supra.*

Accordingly, we enter the following:

## ORDER

And now, December 7, 1995, following reargument in the above captioned case, the order of August 7, 1995 is vacated and the motion for summary judgment of defendants BTI and CIGNA is hereby granted.