**SAFE AUTO INSURANCE COMPANY,**
Appellant,

v.

**SCHOOL DISTRICT OF PHILADELPHIA, Pride Coleman and Helena Coleman.**

Commonwealth Court of Pennsylvania.

Argued Feb. 28, 2005.
Decided April 13, 2005.

John Reed Evans, Media, for appellant.

Michael Bowman, Philadelphia, for appellee, School District of Philadelphia.

BEFORE: COLINS, President Judge, LEADBETTER, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge LEADBETTER.

Safe Auto Insurance Company appeals from the order of the Court of Common Pleas of the First Judicial District of Pennsylvania, which granted the School District of Philadelphia's motion for summary judgment, denied Safe Auto's motion for summary judgment and ordered Safe Auto to provide Helena Coleman, a School District employee, with uninsured motorist benefits. The issue this court must resolve is whether the School District, a self-insured entity, is required to provide uninsured motorist benefits pursuant to Section 1787 of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1787, to an employee who was injured in a work-related motor vehicle accident and received workers' compensation benefits as a result thereof. After review, we affirm.

On May 23, 2001, Helena Coleman, while driving a bus for the School District of Philadelphia, was involved in a motor vehicle accident with an uninsured driver. The School District, which was self-insured at the time of the accident, paid Coleman workers' compensation benefits in the amount of $11,903.00. Coleman also demanded uninsured motorist benefits from the School District;[1] the School District denied the claim, asserting that it was immune from any obligation to pay benefits pursuant to the Act commonly referred to as the "Political Subdivision Tort Claims Act."[2]

1. With respect to the priority of uninsured motorist coverage, the policy covering the motor vehicle occupied by the injured person is primary. See Section 1733 of the MVFRL, 75 Pa.C.S. § 1733.

Coleman, who was an insured under a motor vehicle insurance policy issued by Safe Auto to Pride Coleman, Coleman's husband, then made a claim for uninsured motorist benefits against Safe Auto.[3] Safe Auto filed a declaratory judgment action against the Colemans and the School District, contending that pursuant to Section 1787 of the MVFRL, the School District, as a self-insured entity, was required to pay Coleman uninsured motorist benefits. Section 1787 provides that self-insured entities are required to provide uninsured motorist coverage up to the limits set forth in Section 1774 of the MVFRL. 75 Pa. C.S. § 1787(a)(3). Following responsive pleadings and discovery, Safe Auto and the School District filed cross motions for summary judgment, each contending that they were not liable to Coleman for uninsured motorist benefits. Common pleas examined Section 303(a) of the Workers' Compensation Act,[4] 77 P.S. § 481(a) (exclusivity provision), the case law cited by each party in support of their motions and various amendments to the MVFRL. Relying in large part on *Hackenberg v. Southeastern Pennsylvania Transportation Authority*, 526 Pa. 358, 586 A.2d 879 (1991), common pleas concluded that, notwithstanding Section 1787 of the MVFRL, Section 303(a) of the Workers' Compensation Act precludes an employee from collecting both workers' compensation and uninsured motorist benefits from its self-insured employer. Accordingly, common pleas granted the School District's motion, denied Safe Auto's, and ordered Safe Auto to pay Coleman uninsured motorist benefits. The present appeal followed.

■ On appeal, Safe Auto contends that common pleas erred in relying on *Hackenberg* because the MVFRL has been amended since that decision. In addition, Safe Auto argues that more recent appellate opinions establish that an employee can recover both workers' compensation and uninsured motorist benefits from a self-insured employer.[5] The arguments thus stated, we begin our analysis with the relevant statutory provisions and our Supreme Court's decision in *Hackenberg*.

■ Initially, we note that Section 303(a) of the Workers' Compensation Act provides:

The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, . . . or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined [in the act].

77 P.S. § 481(a). Thus, as the Court noted in *Hackenberg*, Section 303(a) establishes that, in general, workers' compensation benefits are the sole and exclusive remedy that an employee has against his employer with respect to work-related injuries. 526 Pa. at 361, 586 A.2d at 880. Despite the exclusive remedy provided for in Section

---

2. 42 Pa.C.S. §§ 8541–8542. The School District, by resolution in 1990, elected under the Political Subdivision Tort Claims Act, to retain immunity against any claims for uninsured motorist benefits. *See* Exhibit F to Safe Auto's complaint for declaratory judgment, R.R. at 121a.

3. The policy issued by Safe Auto provided uninsured motorist coverage in the amount of $15,000.00.

4. Act of June 2, 1915, P.L. 736.

5. Because the issue before the court is purely one of law, our review is plenary. We note that, in general, summary judgment is proper where there are no genuine issues of material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Kincel v. Department of Transp.*, 867 A.2d 758 (Pa.Cmwlth.2005).

303(a), it is now well-settled that an employee who has received workers' compensation benefits for a work-related motor vehicle accident may also recover uninsured or underinsured motorist benefits under a policy of motor vehicle insurance maintained and funded by the employer. *See City of Meadville v. Workers' Comp. Appeal Bd. (Kightlinger)*, 810 A.2d 703 (Pa.Cmwlth.2002), *appeal denied*, 578 Pa. 702, 852 A.2d 313 (2004). The question that follows, however, is whether Section 1787 of the MVFRL, which requires that self-insured entities provide uninsured motorist coverage, also entitles employees of self-insured entities to receive both workers' compensation and uninsured motorist benefits similar to that available to employees of employers insured under a policy of insurance. The Supreme Court addressed this very issue in *Hackenberg*. Although the MVFRL at the time of that decision differed from the present MVFRL with respect to: (1) a party's ability to recover in a third-party action or uninsured motorist proceeding, benefits payable under the Workers' Compensation Act; (2) an employer's right to subrogate against a claimant's third-party recovery; and (3) the provision of uninsured and underinsured coverage in a policy of motor vehicle liability insurance, these changes are not relevant to its underlying analysis.

In *Hackenberg*,[6] James Hackenberg, an employee of Southeastern Pennsylvania Transportation Authority (SEPTA), a self-insured entity, was injured in a work-related motor vehicle accident with an uninsured driver. Hackenberg sued SEPTA for uninsured motorist benefits. SEPTA filed a motion for summary judgment, contending that Section 303(a) of the *Workers' Compensation Act* limited its liability to payment of workers' compensation. At that time, the MVFRL provided that, (1) uninsured and underinsured motorist coverage was mandatory, 75 Pa.C.S. § 1731,[7] and (2) "[t]he *coverages* required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury." *Hackenberg*, 526 Pa. at 361, 586 A.2d at 880 (quoting 75 Pa.C.S. § 1735 [currently repealed]) (emphasis added). Hackenberg claimed that he was entitled to uninsured motorist benefits in addition to workers' compensation benefits because Section 1787 of the MVFRL required a self-insured employer to provide uninsured motorist benefits and Section 1735 of the MVFRL provided that such benefits could not be diminished due to the receipt of workers' compensation.

The Supreme Court disagreed with Hackenberg's argument. Specifically, the Court held that Section 1735 applied only to coverages provided in insurance policies, precluding insurers from writing policies that reduced the amount the person was entitled to receive because the person to be paid would also receive workers' compensation benefits for the same injury. 526 Pa. at 367, 586 A.2d at 883. Accordingly, the Court concluded that Section 1735 did not apply to self-insurers, and thus did not mandate that a self-insured employer pay uninsured motorist benefits in addition to workers' compensation for a work-related injury. *Id.*

The Court next addressed whether Section 1787[8] was an exception to the exclu-

---

6. *Hackenberg* involved consolidated appeals.

7. Currently, uninsured and underinsured motorist coverage is optional. 75 Pa.C.S. § 1731.

8. Section 1787, requiring self-insured entities to provide uninsured motorist coverage, remains unchanged since *Hackenberg* was decided.

sive remedy provision set forth in Section 303(a) of the Workers' Compensation Act, thereby requiring self-insured employers to provide both types of benefits to an injured employee. In doing so, the Court employed Section 1933 of the Statutory Construction Act, 1 Pa.C.S. § 1933, which provides that if a general statutory provision conflicts with a special provision in another statute, and the conflict is irreconcilable, "the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." Applying Section 1933, the Court concluded that Section 303(a) of the Workers' Compensation Act is an exception to the general rule of Section 1787 of the MVFRL. The Court opined in pertinent part:

> [T]he requirement of section 1787 of the MVFRL that self-insured entities provide uninsured motorist coverage is, on the facts of this case, in irreconcilable conflict with the requirement of section 303(a) of the Workmen's Compensation Act that worker's compensation benefits are the sole and exclusive liability of an employer for an employee's work-related injury. Section 303(a) of the Workmen's Compensation Act, however, is clearly a special provision since it concerns a narrow class of accidents (those involving employees who are making claims against their employers), and it prevails over the more general terms of the MVFRL unless it is the *manifest intention of the General Assembly* that the general provision prevail. The legislature has not manifested such an in-

tention. We conclude, therefore, that section 303(a) of the Workmen's Compensation [Act] is an exception to the general rule of Section 1787 of the MVFRL, and that under the terms of the MVFRL a self-insured employer may not be required to pay both uninsured motorist benefits and workers' compensation benefits to an employee who has received a work-related injury.

*Id.* at 370, 586 A.2d at 885 (emphasis in original). *Accord Lemon v. City of Philadelphia,* 527 Pa. 365, 592 A.2d 37 (1991).

Notwithstanding the Supreme Court's clear analysis, Safe Auto contends that *Hackenberg* is no longer controlling because the MVFRL has since been amended. We note that Safe Auto does not point to any particular section of the amended MVFRL that serves to nullify the Supreme Court's decision. We have reviewed the post-*Hackenberg* amendments to the MVFRL,[9] and the case law discussing them,[10] and conclude that nothing in the current statutory scheme either supersedes or demonstrates a clear legislative intent that the general requirement of Section 1787 prevails over the exclusive remedy established in Section 303(a) of the Workers' Compensation Act.

Moreover, we have reviewed the three cases cited by Safe Auto to support its argument that the School District must pay Coleman uninsured motorist benefits, namely *Travelers Indemnity Co. of Illinois v. DiBartolo,* 131 F.3d 343 (3rd Cir. 1997), *Warner v. Continental/CNA Insurance Cos.,* 455 Pa.Super. 295, 688 A.2d 177 (1996), and *Davis v. Port Authority of Allegheny* County, 20 Pa. D. & C. 4th 296

---

**9.** The majority of these amendments resulted from the Act of July 2, 1993, P.L. 190 (often referred to as "Act 44").

**10.** *See generally Gardner v. Erie Ins. Co.,* 555 Pa. 59, 722 A.2d 1041 (1999); *Hannigan v.*

*Workers' Comp. Appeal Bd. (O'Brien Ultra Serv. Station),* 860 A.2d 632 (Pa.Cmwlth. 2004); appeal denied — Pa. —, 872 A.2d 174 (2005); *City of Meadville.*

(1993), and conclude that they are not dispositive.

In *Warner*, our Superior Court addressed whether the 1993 amendments to the MVFRL[11] reflected a legislative intent that an employee injured in a work-related motor vehicle accident was not entitled to underinsured motorist benefits under a policy of insurance purchased by employer even though such coverage was now optional. The amendments at issue repealed Sections 1735 (discussed supra) and 1737 of the MVFRL (enacted after the Court's decision in *Hackenberg*). Former Section 1737 provided that, notwithstanding anything contained in the Workers' Compensation Act, an employee who was otherwise eligible shall not "be precluded from recovery of uninsured or underinsured motorist benefits from an employer's motor vehicle policy...." 75 Pa.C.S. § 1737 (repealed). The 1993 amendments also repealed that portion of Section 1720 of the MVFRL,[12] which prohibited an employer from subrogating against a claimant's tort recovery with respect to workers' compensation benefits paid, and that portion of Section 1722, which precluded a claimant in any tort action or uninsured or underinsured motorist proceeding from recovering the amount of benefits paid or payable under the Workers' Compensation Act.[13]

After examining the statutory scheme in place post–1993 amendments, the court opined:

[T]he purpose of the Workers' Compensation Act is [not] furthered by precluding recovery of uninsured or underinsured motorist benefits by an employee where, pursuant to the 1993 amendments to the MVFRL, the workmen's compensation insurance carrier has the right to seek subrogation for all sums paid to or on behalf of the injured claimant. Allowing the injured employee to recover underinsured or uninsured motorist benefits from his or her employer's motor vehicle insurer will create a fund against which the employer's workmen's compensation carrier can exert its subrogation lien. Where our legislature, aware of the prior appellate court precedent which specifically permitted the recovery of uninsured and underinsured motorist benefits from an employer's motor vehicle insurer, did not expressly provide in the recent amendments to the Acts that recovery of optional uninsured/underinsured motorist benefits under a policy of insurance issued to the claimant's employer was prohibited, we

---

11. *See* Section 25 of the Act of July 2, 1993, P.L. 190.

12. Prior to the 1993 amendment, Section 1720 provided:

In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits), or 1715 (relating to availability of adequate limits)....

75 Pa.C.S. § 1720 (repealed in part insofar as it relates to benefits under the Workers' Compensation Act).

13. Former Section 1722 provided:

In any action for damages against a tortfeasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in this subchapter, or workers' compensation, or any program, group contract or other arrangement for payment of benefits as defined ... shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation....

75 Pa.C.S. § 1722 (repealed in part insofar as it relates to benefits under the Workers' Compensation Act).

cannot conclude that the express terms of section 303 of the Workers' Compensation Act bar recovery of uninsured/underinsured benefits otherwise available to an injured employee.

*Warner,* 688 A.2d at 185.

Subsequently, in *DiBartolo,* the Third Circuit, relying predominantly on *Warner,* similarly concluded that neither Section 303(a) of the Workers' Compensation Act nor the repeal of Sections 1735 and 1737 of the MVFRL precluded an employee who had received workers' compensation benefits for a work-related motor vehicle accident from recovering uninsured motorist benefits from employer's voluntarily purchased uninsured motorist coverage. Thus, neither Warner nor DiBartolo are controlling, as both speak to an employee's right to recover uninsured or underinsured motorist benefits from a policy of insurance purchased by employer. The issue of whether an employee can recover both benefits from a self-insured employer was simply not at issue in either case.

On the other hand, while *Davis* did involve a claim by an employee against its self-insured employer for uninsured motorist benefits, it also is not controlling. Common pleas concluded in *Davis* that *Hackenberg* was no longer precedential because Section 1737 had been added to the MVFRL. Consequently, common pleas concluded that an employee of a self-insured entity could recover both workers' compensation and uninsured motorist benefits. This decision is clearly of no moment. First, Section 1737 has since been repealed, and former Section 1737, by its express terms, applied only to employer-purchased uninsured or underinsured motorist coverage in a policy of insurance.

Since our review of both the current statutory scheme and appellate case law fails to reveal any authority, legislative or otherwise, that supersedes *Hackenberg,* we conclude that *Hackenberg* not only remains viable but is controlling in the present case. Pursuant to *Hackenberg,* an employee is not entitled to uninsured motorist benefits from a self-insured employer. Following *Hackenberg,* we conclude that common pleas correctly held that the School District is not liable to Coleman for uninsured motorist benefits.

Accordingly, we affirm.[14]

## ORDER

AND NOW, this 13th day of April, 2005, the order of the Court of Common Pleas of the First Judicial District of Pennsylvania in the above captioned matter is hereby AFFIRMED.

---

14. Based upon our resolution of this first issue, we need not consider whether common pleas erred in failing to address whether the Political Subdivision Tort Claims Act relieved the School District of any obligation to pay Coleman uninsured motorist benefits.