J-A24020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: JOSEPH L. KOEPFINGER, AN INDIVIDUAL | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MARGARET KOEPFINGER | : : : : : : | |
| | : | No. 123 WDA 2020 |

Appeal from the Order Entered January 24, 2020
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  No. 02-18-03244

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED FEBRUARY 04, 2021**

Margaret Koepfinger ("Daughter") appeals from the order declaring the Joseph Koepfinger Irrevocable Trust ("Trust") void and terminated. We reverse and remand for proceedings consistent with this memorandum.

The facts as gleaned from the certified record are as follows. Joseph Koepfinger ("Father") is an approximately 94-year-old professional engineer and disabled veteran. Father has several children, including Daughter. After Father's wife, the children's mother, passed away, Father signed a power of attorney ("POA") in favor of Daughter in 2016 ("2016 POA"). Thereafter, tension allegedly ensued between Father and Daughter due to a relationship Father had begun with another woman. In 2017, Father revoked Daughter's POA and instead appointed his son, Joseph Koepfinger, Jr., as his agent. Daughter contends that she was never told that her POA had been revoked in favor of her brother until May 2018. Father maintains that Daughter was orally

told that she was no longer Father's agent at the time he revoked the 2016 POA.

The month before Daughter alleges that she first learned of the revocation, but after Father alleges he orally informed Daughter that her agency had been revoked, Daughter, acting pursuant to the 2016 POA, created the Trust on April 27, 2018. Daughter proceeded to transfer a majority of Father's assets, including his residence, into the Trust. Daughter appointed herself as Trustee of the Trust and was thereby charged with providing for the care and needs of Father.

Shortly thereafter, on May 21, 2018, Daughter filed the instant Declaratory Judgment action, asking the orphans' court to determine, *inter alia*, that the 2016 POA was valid, she had authority under the 2016 POA to create the Trust, and that the Trust was valid. Father filed a motion seeking to dismiss the declaratory action alleging that Daughter lacked standing and that the 2016 POA had not been properly executed. The Honorable Kathleen A. Durkin entered an order on February 13, 2019, concluding that the 2016 POA was void *ab initio* because Father had failed to sign it in the presence of a notary. Judge Durkin's February 2019 order made no determination as to the continuing validity of the Trust.

Father subsequently filed a motion to terminate the Trust in June 2019, claiming that because the court had deemed the 2016 POA void *ab initio*, the Trust was likewise void. He also alleged that he had revoked the POA to

Daughter before she purported to create the Trust, and she had "acted in bad faith in creating the Trust." Motion to Terminate Trust, at 2 (unpaginated).

Daughter filed preliminary objections averring that Father's motion to terminate was both procedurally and legally deficient. The orphans' court issued an order, on June 11, 2019, simply ordering "that the Motion to Terminate Trust is DENIED." The order was signed on Judge Durkin's behalf by the Administrative Judge of orphans' court, the Honorable Lawrence O'Toole.

Due to Judge Durkin's retirement, this matter was then transferred to the Honorable Michael E. McCarthy. Judge McCarthy conducted conferences and requested that the parties prepare legal memoranda regarding the question of whether the Trust remained valid. Ultimately, Judge McCarthy issued an order on January 22, 2020, declaring the Trust "void and terminated." The instant timely appeal followed and both the orphans' court and Daughter complied with Pa.R.A.P. 1925.

In Judge McCarthy's Rule 1925(a) opinion, he concludes that the Trust must be considered void because it was created with the 2016 POA, which the court concluded was void *ab initio*. The court considered 20 Pa.C.S.A. § 5608 and found ***Vine v. Commonwealth of Pennsylvania, State Employees' Retirement Board***, 9 A.3d 1150 (Pa.Super. 2010), instructive. ***See*** Rule 1925(a) Op. 3/23/20, at 5-6. The court cited ***Vine*** for the proposition that an invalid POA cannot create a valid principal and agent relationship. ***Id.***

Therefore, according to the court, because actions an agent takes pursuant to an invalid POA are a legal nullity, the instant Trust is void. *Id.*

In response, Daughter raises the following issues for our review:

1. Whether the Orphans' Court erroneously failed to follow or to consider relevant statutory provisions governing powers of attorney, 20 Pa.C.S.[A.] § 5608 as amended in 2014, as applied to a power of attorney executed in 2016.

2. Whether the Orphans' Court (per McCarthy, J.) erroneously held that the [Trust] had been declared void by a prior order of court entered by Judge Durkin declared a 2016 [POA] void ab initio and did not declare the [Trust] void.

3. Whether the Orphans' Court erroneously failed to apply the doctrine of the law of the case and the doctrine of coordinate jurisdiction by failing to recognize and follow a prior order of court dated June 10, 2019 (per Durkin, J.) (Docket No. 56) expressly denying [Father's] Motion to Terminate Trust (Docket No. 55).

Daughter's Br. at 5 (footnote omitted).[1]

Our standard of review in a declaratory judgment action is limited to determining whether the trial court clearly abused its discretion or committed an error of law. *Erie Ins. Group v. Catania*, 95 A.3d 320, 322 (Pa.Super. 2014). When we review an orphans' court decree we employ a deferential standard of review and "must determine whether the record is free from legal error and the court's factual findings are supported by the evidence." *In re Fiedler*, 132 A.3d 1010, 1018 (Pa.Super. 2016) (*en banc*) (citation omitted). Because the orphans' court sits as the fact-finder, we will not reverse credibility determinations absent an abuse of discretion. *Id.* "However, we are

_____

[1] We have reordered Daughter's questions for ease of disposition.

not constrained to give the same deference to any resulting legal conclusions." *Id.* (citation omitted).

In Daughter's first and second issues, she argues that the orphans' court erroneously terminated the Trust by failing to consider the version of 20 Pa.C.S.A. § 5608 in effect at the relevant time. She also contends that the court erred by finding that the Trust had effectively already been determined to be void due to the court's prior determination that the 2016 POA was void *ab initio*. We agree with both contentions and vacate the orphans' court's order.

The orphans' court rendered a declaratory judgment regarding the validity of the Trust, relying on the **Vine** Court's understanding of 20 Pa.C.S.A. § 5608. However, that reliance was misplaced. As Daughter points out, the Pennsylvania legislature amended Section 5608 with the intention of reversing **Vine**, in 2016, which was two years before Daughter created the Trust. The General Assembly explicitly said so in the Act amending the statute. It stated, "In interpreting and applying the amendment or addition of 20 Pa.C.S. §§ 5601(f), 5608, 5608.1, 5608.2 and 5611, a court shall give due consideration of the intent of the General Assembly to reverse the interpretation of 20 Pa. C. S. § 5608 as set forth in **Teresa M Vine v. Commonwealth of Pennsylvania, State Employees ' Retirement Board**, 9 A.3d 1150 (Pa. 2010." **See** 2014, July 2, P.L. 855, No. 95, § 9(5). Thus, the court's reliance on **Vine** to conclude that a trust instrument created by an improperly executed, but otherwise facially proper, POA is void upon creation, was error.

Moreover, Section 5608 is not applicable to the question of the continuing validity of the Trust, which is the sole issue addressed in the order currently before this Court. Section 5608 concerns "liability" incurred upon the reliance of a facially valid POA. Here, although Daughter requested a determination regarding any potential liability she may have incurred due to her creation of the Trust with the 2016 POA, the instant orphans' court order does not address this issue.

Further, Daughter is correct that prior to the instant order, the orphans' court had not issued any other order declaring the Trust void. Indeed, neither the court nor Father points to anything in the law in force at the relevant time that would automatically render an irrevocable trust created pursuant to a POA void *ab initio* because the POA is ultimately found to have been improperly executed. As previously explained, the court's reliance on **Vine** was misplaced.

We thus reverse and remand. Because of our disposition, we need not address Daughter's third issue, which contends that the prior order denying the motion to terminate the trust on different grounds, *i.e.*, voidness, was law of the case.

Order reversed.[2] Case remanded. Jurisdiction relinquished.

---

[2] Our disposition is without prejudice to Father's ability to seek termination of the Trust because of fraud or mistake. **See** 20 Pa.C.S.A. § 7736. **See also Rebidas v. Murasko**, 677 A.2d 331, 333 (Pa.Super. 1996) ("An irrevocable trust may be rescinded by the settlor, however, if it is demonstrated that the trust was created through fraud, duress, undue influence, or mistake.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/04/2021