J-A20039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROCCO CRESCENZO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GENERATIONS OF HOPE, LLC. | : | |
| | : | |
| Appellant | : | No. 57 MDA 2023 |

Appeal from the Order Entered December 12, 2022
In the Court of Common Pleas of York County Civil Division at No(s):
2022-SU-002074

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: NOVEMBER 16, 2023**

Appellant, Generations of Hope, LLC, appeals from the December 12, 2022 order, amended on December 20, 2022, overruling its preliminary objections; granting the petition for declaratory judgment filed by Appellee, Rocco Crescenzo; and directing the York County Prothonotary to mark the judgment entered in favor of Appellant and against Appellee as satisfied. After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> [Appellee] initiated this action by petition for declaratory judgment filed on August 30, 2022. In response to the petition, on September 6, 2022, the [trial] court issued a Rule to Show Cause, which directed [Appellant] to file an answer to the petition

---

[*] Former Justice specially assigned to the Superior Court.

within 20 days, provided for discovery, directed the matter to be disposed of according to Pa.R.C.P. 206.7, and lastly, scheduled oral argument for December 12, 2022. On September 26, 2022, [Appellant] filed preliminary objections to [Appellee's] petition. [Appellant's] first objection was based on *res judicata*, the second was based on collateral estoppel, and the third was based on a claim of lack of jurisdiction based on the two previous issues.

As required by the local rules, 10 days later, on October 6, 2022, [Appellant] filed a brief in support of its preliminary objections. On October 17, 2022, [Appellee] filed an answer to the preliminary objections and brief in opposition. On November 3, 2022, [Appellant] filed a reply brief and praecipe for one judge disposition. At no point did [Appellant] file an answer to the original petition as they were directed to do by the Rule[] to Show Cause.

Despite the [trial] court's Rule to Show Cause and through administrative error, [Appellant's] preliminary objections were assigned to the Honorable Todd R. Platts for disposition. On December 12, 2022, the [trial] court held oral argument on the petition as was ordered in the Rule to Show Cause. [Appellee] appeared through counsel, but [Appellant] failed to appear for oral argument as directed and without explanation. The [trial] court entertained oral argument from [Appellee's] counsel, and afterwards overruled [Appellant's] preliminary objections and granted relief sought by [Appellee].

[Appellant] sought reconsideration, which was denied [on December 20, 2022]. On January 9, 2023, [Appellant] filed its notice of appeal.

Trial court Rule 1925(a) opinion, 2/2/23 at 1-2 (footnote and extraneous capitalization omitted).

On January 10, 2023, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P.

- 2 -

1925(b). Appellant filed its timely Rule 1925(b) statement on January 31, 2023. On February 2, 2023, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

A. Did the Trial Court commit legal error in issuing a Rule to Show Cause and granting relief under petition practice when the Trial Court did not have jurisdiction over a Declaratory Judgment Action commenced as a petition?

B. Did the Trial Court commit legal error in entering a procedural default against [Appellant] when jurisdiction was never established over [Appellant]?

C. Did the Trial Court commit legal error in failing to deny and dismiss the Petition on the ground of *res judicata*?

D. Did the Trial Court commit legal error in finding that [Appellee] had statutory standing to bring a Declaratory Judgment Action?

E. Did The Trial Court commit legal error in granting relief by disregarding the Preliminary Objections entirely, not allowing an opportunity for an Answer and failing to recognize that the Petition failed to state a claim upon which relief can be granted?

F. Did the Trial Court commit legal error by depriving [Appellant] of due process in granting the Petition without providing an opportunity to be heard and abusing its discretion by granting the relief requested in the Petition?

Appellant's brief at 3-4.

"Our standard of review of an order of the trial court overruling … preliminary objections is to determine whether the trial court committed an

- 3 -

error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. *Bargo v. Kuhns*, 98 A.3d 686, 689 (Pa.Super. 2014) (citation omitted).

Likewise, "[i]n reviewing a declaratory judgment action, we are limited to determining whether the trial court clearly abused its discretion or committed an error of law." *Kline v. Travelers Personal Security Ins. Co.*, 223 A.3d 677, 684 (Pa.Super. 2019) (citations omitted), *appeal denied*, 237 A.3d 388 (Pa. 2020).

> We may not substitute our judgment for that of the trial court if the court's determination is supported by the evidence. Additionally, [w]e will review the decision of the lower court as we would a decree in equity and set aside the factual conclusions of that court only where they are not supported by adequate evidence. The application of the law, however, is always subject to our review.

*Erie Ins. Group v. Catania*, 95 A.3d 320, 322 (Pa.Super. 2014) (internal citations omitted), *appeal denied*, 104 A.3d 4 (Pa. 2014).

For the ease of our discussion, we have elected to address some of Appellant's claims concurrently.

## A. & B.

Appellant first argues that the trial court erred by "issuing a Rule to Show Cause and granting relief under petition practice because the court did not have jurisdiction over a declaratory judgment action commenced as a petition." Appellant's brief at 20. Appellant also contends that the trial court

lacked personal jurisdiction over it because was not properly served with Appellee's petition. *Id.* at 25.

Upon review, we observe that Appellant has waived its first two claims by failing to specifically raise them in its September 26, 2022 preliminary objections nor in any responsive pleading. *See* "Preliminary Objections to Petition for Declaratory Judgment," 9/26/22 at 6-10. As noted, Appellant also failed to appear at the December 12, 2022 hearing to raise these objections.

Pennsylvania Rule of Appellate Procedure 302 provides that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also* Pa.R.C.P. 1032 (stating, that with few exceptions, a "party waives all defenses and objections which are not presented either by preliminary objection, answer or reply"). Accordingly, Appellant has waived Issues A & B.

**C.**

Appellant next argues that the trial court erred in failing to dismiss Appellee's petition for declaratory judgment pursuant to the doctrine of *res judicata*. Appellant's brief at 28.

"Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies." *Mariner Chestnut Partners, L.P. v. Lenfest*, 152 A.3d 265, 286 (Pa.Super. 2016) (citation omitted). "*Res judicata* prohibits parties involved in prior,

concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication. Thus, a party must raise all matters related to an issue at first opportunity or be forever barred from raising them again." *Khalil v. Travelers Indemnity Company of America*, 273 A.3d 1211, 1223-1224 (Pa.Super. 2022) (citations, internal quotation marks, and brackets omitted), *appeal denied*, 288 A.3d 487 (Pa. 2022).

Instantly, the trial court overruled Appellant's preliminary objection raising the doctrine *res judicata* on the basis that it is an affirmative defense that should be pleaded as a new matter. *See* trial court Rule 1925(a) opinion, 2/2/23 at 4.

Upon review, we agree with the trial court's assessment. It is well-settled in this Commonwealth that "unless the complaint sets forth in detail, either directly or by reference, the essential facts and issues pleaded by the prior suit," which is not the case here, "the affirmative defense of *res judicata* must be raised in a responsive pleading under the heading of new matter and not by preliminary objection." *Perelman v. Perelman*, 125 A.3d 1259, 1266 n.3 (Pa.Super. 2015) (citation omitted), *appeal denied*, 141 A.3d 435 (Pa. 2016); *see also* Pa.R.C.P. 1030(a).

Based on the foregoing, Appellant's claim that the trial court erred in failing to dismiss Appellee's petition for declaratory judgment under the doctrine of *res judicata* is without merit.

**D.**

Appellant next argues that the trial court erred "in finding that [Appellee] had statutory standing to bring a declaratory judgment action[.]" Appellant's brief at 34. In support of this contention, Appellant avers that Appellee failed to demonstrate that there was an actual controversy between the parties sufficient to invoke the Declaratory Judgments Act. *Id.* at 35-36.

In the Declaratory Judgments Act, 42 Pa.C.S.A. §§ 7531-7541, the General Assembly vested in courts the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa.C.S.A. § 7532. Significantly, the Legislature provided that the Declaratory Judgments Act is "remedial," and "its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." *Id.* at § 7541(a).

"In order to sustain an action under the Declaratory Judgments Act, a plaintiff must allege an interest which is direct, substantial and immediate, and must demonstrate the existence of a real or actual controversy, as the courts of this Commonwealth are generally proscribed from rendering decisions in the abstract or issuing purely advisory opinions." *Firearm Owners Against Crime v. Papenfuse*, 261 A.3d 467, 482 (Pa. 2021) (citation and brackets omitted).

Here, the record belies Appellant's claim that Appellee failed to plead "an actual controversy." Appellant's brief at 35. On the contrary, Appellee's

August 30, 2022 petition clearly sets forth the controversy he seeks to resolve; namely, whether Appellee has been given proper credit toward the judgment entered against him from the sale of properties he owned. ***See*** "Petition for Declaratory Judgment," 8/30/22 at ¶¶ 18-24; ***see also*** trial court opinion, 2/2/23 at 5. Accordingly, we discern no error on the part of the trial court in overruling Appellant's preliminary objection in this matter.

**E. & F.**

Lastly, Appellant argues that the trial court erred by disregarding its preliminary objections in their entirety and in not allowing it to file an answer to Appellee's petition for declaratory judgment. Appellant's brief at 36. Appellant further maintains that the trial court violated its due process rights by granting Appellee's petition without affording it an opportunity to be heard. ***Id.*** at 44.

Following a thorough review of the record, including the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, it is our determination that Appellant's Issues E & F warrant no relief. Accordingly, we agree with and adopt the following analysis of the trial court as our own for purposes of appellate review of these claims:

> We issued a Rule to Show Cause upon [Appellant] which directed: 1) it be served with a copy of the order; 2) it file an answer to the petition; 3) the opportunity for discovery; 4) how the petition would be decided; and 5) scheduled oral argument on the petition. **[Appellant] filed an inappropriate response to the petition, but in doing so clearly indicated they had notice of the filing of the**

**petition. We provided [Appellant] the opportunity to be heard and defend themselves, both by way of answer and oral argument. The sad reality is that [Appellant] failed to file an answer as they were directed to do and further, failed to appear for oral argument.**

In defense of its failure to appear for oral argument, [Appellant] claims they contacted Judge Platts' chambers, who stated no proceeding was schedule[d] for December 12, 2022. It was true that Judge Platts did not schedule anything in this matter for December 12, 2022. However, Judge Platts did not issue the scheduling order, the undersigned did. [Appellant] never contacted, nor do they claim to have contacted, the chambers of the undersigned regarding whether oral argument scheduled for December 12th was being held. What [Appellant] did is the equivalent of calling its eye doctor [to] find out if it had a dentist appointment scheduled. It makes no sense whatsoever and was certainly not a 'breakdown in the judicial process' as they claim.

Without a doubt, [Appellant] was provided all the guarantees due process requires. **[Appellant] was given notice, the opportunity to file a written answer, and the opportunity to appear in court for oral argument. It failed to take full advantage of the opportunities it was given, no doubt, but due process requires the opportunity be provided and no more.** [Appellant's] failure to take advantage of opportunity provided to it was not an error of the part of the [trial] court.

Trial court Rule 1925(a) opinion, 2/2/23 at 6-7 (emphasis added).

For all the forgoing reasons, we affirm the trial court's December 12, 2022 order, amended on December 20, 2022.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/16/2023