J-S39005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JACK L. ZAVILLA AND LUCY ZAVILLA, HUSBAND AND WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN J. GEIBEL AND MARJORIE A. GEIBEL, HIS WIFE | : | No. 408 WDA 2024 |
| Appellants | : | |

Appeal from the Order Entered March 28, 2024
In the Court of Common Pleas of Butler County Civil Division at No(s):
2016-10790

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: December 20, 2024**

Appellants, Steven J. Geibel and Marjorie A. Geibel, appeal from the March 28, 2024 judgment entered in the Butler County Court of Common Pleas in favor of Appellees, Jack L. Zavilla and Lucy Zavilla, in this property boundary dispute.  After careful review, we affirm.

The relevant facts and procedural history are, briefly, as follows.  This matter arises from a dispute between neighbors over ownership of a small piece of land ("Disputed Property") in Butler County.  Appellants own the land west of the Disputed Property and Appellees own the land east of the Disputed Property.  Appellants acquired their property in April 2015 and began removing timber from and farming on the Disputed Property.  Appellees then put "no trespassing" signs on the Disputed Property and claimed ownership of it.

On May 30, 2017, Appellees filed a complaint raising claims of Ejectment, Trespass, and Conversion of Timber, and seeking a Declaratory Judgment that they owned the Disputed Property. On August 1, 2017, Appellants filed an answer and asserted a counterclaim of Trespass and for Quiet Title.

On May 31, 2022, the parties submitted a stipulation of facts, including numerous exhibits, to the trial court. On August 19, 2022, the court found in favor of Appellees on their Ejectment and Declaratory Judgment claims, as well as on Appellants' Quiet Title and Trespass counterclaims.[1]

On February 14, 2024, the parties appeared for a bench trial on the outstanding claims. Prior to testimony, Appellants' counsel stipulated that, for purposes of trial, Appellants did not dispute liability. Thus, the only issues before the trial court were the damages for Trespass and Conversion of Timber. Following the presentation of testimony, and the court's consideration of the exhibits, the court found that Appellees had not provided any admissible evidence of the value of the trees Appellants removed from the Disputed Property. Thus, the court awarded no damages on Appellees' Conversion of Timber claim. It also found that Appellees had proven that they suffered

---

[1] Appellants filed an appeal from this order, which this Court quashed as premature given the pendency of Appellees' Trespass and Conversion of Timber claims. **See Zavilla v. Geibel**, 305 A.3d 1026 (Pa. Super. 2023) (non-precedential decision).

$9,500 in actual damages from Appellants' trespass[2] and, in light of Appellants' conduct, also awarded Appellees $9,500 in compensatory damages. The court then entered judgment in favor of Appellees for $19,000.

This appeal followed. Appellants filed a court-ordered Pa.R.A.P. 1925(b) statement. In lieu of a Rule 1925(a) opinion, the trial court directed this Court to its August 19, 2022 opinion for an explanation of its rulings.

Appellants raise the following three issues on appeal:

1. Whether the lower [c]ourt erred as a matter of law and/or abused its discretion by determining that [Appellants] failed to meet their burden of proof in stating that a subdivision did not determine property lines and any ownership of the remaining parcel[?]

2. Whether the lower [c]ourt erred as a matter of law and/or abused its discretion by failing to give weight to [Appellants'] assertion that their chain of title offered a clearer description of the property line to better define the land ownership of interest of each part[y?]

3. Whether the lower [c]ourt erred as a matter of law and/or abused its discretion by attributing [Appellants'] predecessors' lack of use of the Disputed Property as evidence that [Appellees] owned the Disputed Property[?]

Appellants' Brief at 5.

## A.

Appellants challenge the trial court's order granting Appellees' claims for Ejectment and Declaratory Judgment. Our standard of review of an ejectment action is "limited to a determination of whether the [trial court] court

---

[2] In particular, in 2016, Appellees had paid $7,500 to survey the Disputed Property and received an estimate of not more than $2,000 to replace five iron property line pins removed by Appellants.

committed an error of law or an abuse of discretion." ***Roberts v. Estate of Pursley***, 718 A.2d 837, 840 (Pa. Super. 1998). We will not disturb the decision of the orphans' court in this context "unless it is unsupported by the evidence or demonstrably capricious." ***Id.*** Similarly, "[o]ur standard of review in a declaratory judgment action is limited to determining whether the trial court clearly abused its discretion or committed an error of law." ***Erie Ins. Grp. v. Catania***, 95 A.3d 320, 322 (Pa. Super. 2014) (citation omitted).

**B.**

In their first issue, Appellants assert that the trial court erred in finding that they did not meet their burden to prove that Appellees' subdivision of their property did not determine the property lines or the ownership of the Disputed Property. Appellants' Brief at 10-12.

Where defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues waived. ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) To properly develop an issue for our review, Appellant bears the burden of ensuring that his argument section includes citations to pertinent authorities as well as discussion and analysis of the authorities. ***See*** Pa.R.A.P. 2119(a); ***Hardy***, 918 A.2d at 771 ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.") (citation omitted)).

Further, the argument portion of an appellate brief must be developed with citation to the record. Pa.R.A.P. 2119(c). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument." *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). To do so would place this Court "in the conflicting roles of advocate and neutral arbiter." *Commonwealth v. Williams*, 782 A.2d 517, 532 (Pa. 2001) (Castille, J., concurring). Therefore, when an appellant fails to develop his issue in an argument, the issue is waived. *Sephakis v. Pa. State Police Bureau of Records and Id.*, 214 A.3d 680, 686-87 (Pa. Super. 2019).

Instantly, Appellants have failed to provide any citations to the record and any legal authority whatsoever in support of this claim. By failing to do so, Appellants have impeded this Court's ability to conduct meaningful appellate review. To undertake review of this issue would require us to scour the record and craft an argument on Appellants' behalf from nearly whole cloth. We will not do so.

Because this argument is woefully underdeveloped, we find this issue waived.

**B.**

In their second issue, Appellants contend that the trial court erred by failing to give due weight to Appellants' claim that their chain of title offered a clearer description of the parties' property line. Appellants' Brief at 12-14.

The argument Appellants set forth in support of this issue is similarly undeveloped. Although Appellants have cited to boilerplate case law from the

Commonwealth Court setting forth the standards for establishing quiet title, Appellants have not provided citation to or application of the facts of this case to any controlling authority or to the record. We, therefore, conclude that Appellants' have waived this issue.

## C.

In their final issue, Appellants claim that the trial court erred in attributing Appellants' predecessors' lack of use of the Disputed Property as evidence that Appellees owned the Disputed Property. Appellant's Brief at 14-15. Appellants' appear to argue that the court erroneously applied the elements of adverse possession to their Quiet Claim and improperly relied on counsel's argument, and not sworn testimony, in making its decision. However, Appellants have again failed to develop this argument with citation to the record or apply the facts of this case to any controlling authority.[3] Because Appellants have failed to develop the argument in support of this claim in conformance with our Appellate Rules, we find it waived.

Having found each of Appellants' issues waived, we affirm the judgment in favor of Appellees.

_____

[3] We acknowledge that Appellants cited to **Conneaut Lake Park v. Klingensmith**, 66 A.2d 828, 829 (Pa. 1949), for the general proposition that "[i]t has long been the rule of this Commonwealth that one who claims title by adverse possession must prove that he has actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for twenty-one years[.]" They have not, however, applied the facts of the instant case to any authority supporting their assertion that "use of the land is not a required element under a claim for quiet title" or that the trial court's consideration of property use is improper when ruling on a quiet title claim. Appellants' Brief at 15.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/20/2024